Walter H. **DILLINGHAM**, Plaintiff,

v.

J. Leland **ANDERSON**, Defendant.

Civ. No. 1399.

United States District Court,
D. Hawaii.

Dec. 15, 1954.

**222**

Smith, Wild, Beebe & Cades, J. Russell Cades, Harold S. Wright, Honolulu, Hawaii, for plaintiff.

Robertson, Castle & Anthony, William F. Quinn, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

This is an action for damages claimed to be due as a result of losses occasioned by false and fraudulent representations made by the defendant, inducing plaintiff to convert his life insurance program into a so-called "bank loan plan" under which latter plan it was claimed that plaintiff would enjoy substantially greater benefits than those assured him under his previous program, at a cost not in excess of the premiums then being paid by plaintiff under his existing insurance and annuity contracts.

Plaintiff is a resident and citizen of Honolulu, Hawaii, and defendant is a resident and citizen of Beverly Hills, California. It is alleged that the matter in controversy exceeds the sum of $3,000.

On April 28, 1954, defendant was served with complaints in four civil actions filed in this court in which the claims of the plaintiffs against the defendant were similar to those made by the plaintiff in this action. At that time, it appears defendant maintained a suite of offices in Honolulu and under a license issued by the Insurance Commissioner of the Territory of Hawaii was actively engaged in soliciting life insurance and annuity contracts. It further appears that for a period of approximately two years defendant did a substantial business in the Territory of Hawaii, involving policies having a face value of several million dollars under the so-called "bank loan plan."

Pursuant to an order of this court, plaintiffs in the above actions obtained leave to take depositions of the defendant, commencing May 6, 1954, and from day to day thereafter. Due to pressure of business, defendant was compelled to leave the Territory of Hawaii, and prior to his departure he entered into stipulations with counsel for the parties in the civil actions to return for the taking of his depositions on June 10, 1954. On this latter date, a new stipulation was entered into by counsel, that the depositions would be taken at a date to be agreed upon after defendant fully recovered from pending surgery, and that he would be within the jurisdiction of this court for the taking of the depositions at such agreed time. On September 1, 1954, counsel entered into another stipulation, providing that defendant would return to the Territory of Hawaii for the taking of his depositions as soon as his health would permit, and thereafter it was agreed that the depositions would commence on October 4, 1954.

Just prior to the taking of defendant's depositions, one of his attorneys informed one of the attorneys representing the plaintiffs that defendant was most anxious to leave the Territory of Hawaii, and requested that the depositions proceed with all possible speed. On October 5, 1954, and during the taking of his depositions, defendant was served with the complaint and summons in this action, in the law offices of his attorneys. Because the service at that time and place was contrary to the instructions of plaintiff's attorneys in this

action, service of the complaint and summons was effected the second time on the same date at 5:05 p. m. at the defendant's hotel in Waikiki.

The motion to quash is supported by an affidavit made by one of defendant's attorneys in which the following appears:

"That defendant returned to the Territory of Hawaii solely to give evidence in the aforesaid civil actions at the request of the plaintiffs therein and pursuant to order of court and stipulations entered into in furtherance thereof; * * *"

At the hearing on the motion, one of defendant's attorneys testified that defendant arrived in Honolulu on September 29, 1954, and that during normal working hours from the time of his arrival until October 5, 1954, defendant was engaged with his attorneys in preparing for and the taking of the depositions. During that time, defendant made several telephone calls, the nature of which was unknown to the witness. This witness did not know the nature of defendant's business in Hawaii except insofar as it related to the cases mentioned herein, but he did give his understanding of the volume of defendant's business, as mentioned above.

Defendant's motion is grounded on the proposition that he was not properly served with process because, being a non-resident party in said civil actions and claiming to have returned to the jurisdiction of this court solely for the purpose of giving evidence in those cases, pursuant to an order of court, he is exempt from service of process under the privilege which has long been extended to parties to litigation in the federal courts. Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192.

By way of return to the motion to quash, plaintiff claims that defendant is not entitled to immunity from service because he did not return to this jurisdiction solely for the purpose of giving evidence, but that he also came for the purpose of and did engage in numerous activities of a business nature which were wholly unrelated to any litigation in this court or in any other court in the Territory of Hawaii. One of the affidavits in support of the return is made by the plaintiff, in which it is stated that defendant has been the lessee of a suite of three office rooms under a lease with the Dillingham Transportation Building, dated August 10, 1954, and terminating February 28, 1955. It further appears in the affidavit that from the period October 4, 1954, through October 6, 1954, defendant as a result of telephone conversations and conferences in the office of plaintiff and one Milto Allen secured from plaintiff a release of his obligation under the lease, effective November 1, 1954, sublet the offices for the month of October, paid the rental owing by him for the month of October, and acting as agent of another, sold certain furnishings which remained in two of the offices.

There are also on file affidavits from three persons whom the defendant contacted while in Honolulu, either by telephone or in person, in regard to their insurance coverage. It appears that in each case the policy holder, and not the defendant, had requested the meeting or phone call, seeking assurance as to the soundness of the policies and the "bank loan" plan which they had purchased from the defendant. The latter informed these persons that while he was no longer licensed to solicit insurance business in Hawaii, the "bank loan" plan was a sound one and that he would prepare and send to them schedules corroborating his statements from his office in California when he returned there.

The affidavit of one Robert A. Berg, cashier of the Honolulu office of the New York Life Insurance Company, relates that on or about October 4, 1954, he received a telephone call from the defendant, inquiring as to whether a premium had been paid on a policy sold by the defendant to a Dr. Timothy Wee. Affiant informed the defendant that the premium had not been paid; whereupon, defendant stated that he would send a

check over in the proper amount in payment thereof. Affiant further states that shortly thereafter he received the check by messenger which had been mentioned by defendant.

The affidavit of one Carroll Parker, a resident of the Territory of Hawaii, states that while here the defendant had proposed that the affiant work with him in the future referring insurance prospects to the defendant in California in return for a certain percentage of any commissions thereby derived.

It appears that the taking of the defendant's depositions was concluded on October 5, 1954, and he returned to California the following day.

■ The privilege of immunity from process which is extended to a nonresident who enters the jurisdiction to appear in a judicial proceeding is subject to limitation. If, while in the jurisdiction, the person claiming immunity engages in activities of a business nature totally unrelated to the litigation which he is attending, the rule is that immunity from process is in effect waived. 72 C.J.S., Process, § 88, page 1124; 42 Am.Jur. 492, Process, § 148. The criterion seems to be, however, not the fact of engaging in other than litigious matters, but rather, the degree or proportion of the activity. See Note, 162 A.L.R. 280.

In the only pertinent federal case brought to the court's attention, Union Water Development Co. v. Stevenson, D.C.N.D.Cal., 256 F. 981, the non-resident defendant sought to quash service of process on the ground of the general rule as stated in Stewart v. Ramsay, supra. During a recess in trial, defendant attended a business meeting which concerned matters with which he was familiar, and while there he suggested a change in a proposed contract under discussion.

The court granted the motion to quash, stating on page 983 of 256 F.

"The attendance of Stevenson at the interview was a mere casual and unforeseen incident arising during his necessary detention on the trial, was not contemplated in the purpose bringing him to the state, and can in no proper sense be regarded as the engaging by him in 'business' outside the original object of his visit. Had he voluntarily delayed his departure from the state, after his dismissal as a witness, to attend the discussion in question, it might well present a different aspect. But a denial of the protection of the rule in question should not be based upon a circumstance so trivial and unsubstantial."

■ In the instant case, the activities do not consist of an isolated transaction, nor can they be described as "trivial and unsubstantial." On the contrary, they amount to the transaction of considerable personal business unrelated to the litigation which defendant alleges was his sole reason for re-entering this jurisdiction. This court holds, therefore, that the claimed immunity from process is not invocable for the reason that by his conduct defendant waived his right in this instance.

For the reasons stated herein, the motion to quash service of summons is denied.