DWELLE v. ALLEN et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

Process (§ 120*)—Privilege—Attendance at Court.

Defendant voluntarily came within the state to plead to an indictment in the federal court, and while in the state was served with a subpœna requiring him to appear before the federal grand jury. On October 4th he was directed by the district attorney to reappear before the grand jury on October 11th, and on that date returned to the state. After being excused from further attendance, he was served with a summons in a civil action. *Held*, that such service was valid, since, although his presence in the state was originally voluntary, his presence at the time he was served with process was under compulsion of law.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. § 120.*]

Appeal from Special Term, New York County.

Action by Helen F. Dwelle against Nathan Allen and others. From an order vacating and setting aside service of the summons on the defendant named, plaintiff appeals. Reversed, and motion to vacate denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

James W. Osborne, of New York City, for appellant.
H. Snowden Marshall, of New York City, for respondents.

DOWLING, J. The defendant Allen, who was a nonresident of the state of New York, voluntarily came to the city of New York on October 2, 1911, in order to plead to an indictment against him in the United States Circuit Court for the Southern District of New York, charging him with the crime of smuggling. He entered a plea of guilty, and on the afternoon of that day was sentenced to pay a fine of $12,000. Between the time of the entry of the plea and the imposition of the fine he was served with a subpœna, subscribed by the United States district attorney, requiring him to attend before the grand jury of the people of the United States for the Southern district of New York, in the city of New York, on October 3, 1911. He obeyed the subpœna, and appeared and testified on October 3d. He was directed by the assistant United States district attorney to appear again on the afternoon of October 4th. He obeyed such direction, and again testified, and was, after giving such testimony, directed by United States District Attorney Wise in the grand jury room to appear again before the grand jury on the afternoon of October 11th. He then left the city and departed from the state, but

---

returned thereto, as he swears, "for the sole purpose of continuing my appearance before the said grand jury, in obedience to said subpœna, and in accordance with the directions of the said United States District Attorney Henry A. Wise." When he presented himself at the grand jury room on October 11th, he was excused from further attendance, after a conference with the assistant district attorney, and as he was departing from the latter's office he was served with the summons herein, and which service has been vacated and set aside by the order appealed from.

It is clear that, while the defendant's original entry into the state of New York was made to plead to an indictment against him, before he had been placed under arrest, yet his subsequent stay in the state, and his return thereto on October 11th, were under compulsion of law, for they occurred under the pressure of the subpœna and of the continuance thereof by the direction of the district attorney and his assistant. No effort was ever made to set aside the service of the subpœna. Defendant admits in his affidavit that his presence in this jurisdiction on October 3d, 4th, and 11th was the result of the subpœna, and the direction thereafter given in compliance with his admitted duty to obey the same, and he had no other business here than to obey the subpœna; for as he says:

"I was in New York solely in obedience to said subpœna, and was leaving New York, after obeying said subpœna, when said attempted service of papers was made upon me."

Defendant being in this jurisdiction under compulsion by law, the privilege from liability for other criminal and civil prosecution eundo, morando, et redeundo, which attaches to those who voluntarily come within the jurisdiction of the court, does not apply. This distinction was pointed out in Netograph Manufacturing Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886, where it was stated that, as the reason for the rule creating the privilege was to encourage voluntary attendance upon courts and to expedite the administration of justice, the reason failed where the witness or suitor was brought into the jurisdiction of a court while under arrest or other compulsion of law, as he comes because he cannot do otherwise, and the reason failed as well where the person claiming the privilege is a free moral agent, who may come into or depart from the jurisdiction as he pleases.

Applying this reasoning to the case at bar, it is evident that, when the subpœna had been served upon defendant, he was no longer free to remain or depart as he pleased; but his presence here was compulsory so long as the subpœna remained in force. Admittedly he was here on October 11th in obedience to the subpœna, and he was here by compulsion, and not by choice. The service of the summons upon him on that day was therefore proper.

The order appealed from will be reversed, with $10 costs and disbursements, and the motion to vacate and set aside the service of the summons denied, with $10 costs. All concur.