(80 Misc. Rep. 147.)

GINSBURG v. HELLER et al.

(Supreme Court, Appellate Term, First Department.  March 10, 1913.)

1. PROCESS (§ 120*)—PRIVILEGE—WITNESSES.

The immunity of a nonresident, coming into the state to testify in a civil action, from service of civil process, begins when he leaves his home in such foreign state with the intention of testifying in the action in New York, and continues until he has testified, or the necessity therefor has been obviated, and a reasonable time has elapsed for him to depart the state on his return.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. § 120.*]

2. PROCESS (§ 120*)—PRIVILEGE—WITNESSES.

Where a nonresident voluntarily came into New York to testify in a civil action, the fact that he was served with subpœna to appear in that case did not nullify the voluntary character of his appearance, nor destroy the intention with which he came into the jurisdiction, and hence did not render him subject to service of civil process in New York while so present as a witness.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. § 120.*]

Appeal from City Court of New York, Special Term.

Action by Maurice Ginsburg against Max Heller and another. From an order denying the motion of defendant Jule Schonberger to set aside service of a summons and complaint in the action, he appeals. Reversed.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Peirce & Hulbert, of New York City (G. Murray Hulbert, of New York City, of counsel), for appellant.

Morris & Samuel Meyers, of New York City, for respondent.

DELANY, J. [1] The immunity accorded to the appellant began when, with the intention of testifying in a civil action in this state, he left his home in Chicago. It continued, provided he did not relinquish that intention, until he had testified, or the necessity therefor had been obviated, and until such reasonable time thereafter as might be required for him to depart this state on his return.

[2] The fact that some one, either by design or superserviceable zeal, had him served with a subpœna to appear in the same cause, would not take from the voluntariness of his appearance, nor destroy the intention with which he came into the jurisdiction. Nor can it be presumed that his appearance was in compliance with the subpœna, rather than in accordance with his original intention. His mere averment of the service of the subpœna here and of his compliance therewith do not change the facts. It is this voluntary appearance, coupled with this intention, which gives a witness from beyond the jurisdiction the immunity from service by process, as is said, "eundo, morando, et redeundo." The distinction made here, it seems to me, is so fine that to give effect to it would destroy the salutary purpose which gave origin and confidence to this privilege of immunity.

The learned trial justice bases his decision on Dwelle v. Allen, 151 App. Div. 717, 136 N. Y. Supp. 216; but the resemblance of that case with the one at bar disappears when one considers that Mr. Justice Dowling held in that case that the defendant was at the time he was served with process "in the jurisdiction under compulsion"; whereas in this case the appellant had come into the state voluntarily, and only for the purpose of testifying. The decisions in the numerous judicatures where this privilege has from time immemorial been recognized are not free from seeming contradictions, as mentioned or alluded to in the opinion by Mr. Justice Werner in Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886; but to contract unreasonably its sphere of operation would deprive this policy of immunity of its utility to promote the ends of justice.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.