JACOB FRIEDMAN, Plaintiff, *v.* SAMUEL EISENBERG and CAPITAL ELECTRIC LIGHT COMPANY, INC., Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, First District, November, 1919.)

Summons — service of — non-residents — when motion to vacate service denied.

Where it does not clearly appear that the defendant in a Municipal Court action is a non-resident of this state, he will not be so regarded for the purposes of a motion to vacate and set aside the service of the summons and complaint upon him, and if, upon the facts presented, it cannot be said that he is within the rule which protects from service of process one who voluntarily attends in a given jurisdiction, as a witness, the motion will be denied.

MOTION to vacate and set aside the service of a summons and complaint.

Albert I. Sire (Bennett E. Siegelstein, of counsel), for plaintiff.

Abraham H. Sarasohn, for defendant Samuel Eisenberg.

GENUNG, J. This is an application by the defendant Samuel Eisenberg for an order vacating and setting aside the service of a summons and complaint in the above-entitled action. The grounds of the application are that the said defendant is a non-resident and was in the city of New York in response to a subpœna from the United States District Court, directing him to appear and testify before a referee in bankruptcy, and that while in the city of New York in response to said subpœna he was served with summons and complaint.

The affidavit of the said Eisenberg, submitted in support of the motion, alleges that he resides in the town of Washington, in the state of New Jersey, and has resided there since about the 1st day of April, 1919; that shortly prior to the 29th of September, 1919, there was served upon him at Washington, N. J., a subpœna issued by Hon. Alex Gilchrist, clerk of the United States District Court, Southern District of New York, commanding him to appear before Hon. McGrane Coxe, referee in bankruptcy for the Southern District of New York, directing him to appear before him as a witness in a certain proceeding then pending before him entitled "In the Matter of Capital Electric Light Company, Inc., Bankrupt," on the 29th of September, 1919, at two o'clock in the afternoon of said day, at the office of said referee, No. 233 Broadway, borough of Manhattan, city of New York, and at the same time there was paid to him a certain sum of money, which he believed represented the legal fees payable to him as a witness under said subpœna and the mileage. The affidavit further alleges that, pursuant to the requirements of the said subpœna, the said Eisenberg did come to the state of New York at the time mentioned and attended before the said referee at the said hearing, and was then and there directed by the said referee to appear for further examination at an adjourned hearing of the said matter, on the 7th of October, 1919, at two o'clock in the afternoon of the said day. The affidavit further alleges that, pursuant to the direction and command of the said referee, the said Eisenberg did come to the city of New York for the purpose of giving testimony under said subpœna, and did attend before the referee, pursuant to his directions and command on the 7th of October, 1919, and the hearing in the said matter for which he had been subpœnaed was further adjourned, and after

he had left the office of said referee for the purpose of returning to his home in New Jersey, and while he was in the building of the referee's office, the summons and complaint in the above-entitled action were served upon him. He claims that while in this state pursuant to the command of the said subpœna and the said referee for the purpose of giving testimony, he was exempt from the service of process, and that the service of the said summons and complaint upon him after he was leaving the referee's office and was about to return to his home in New Jersey was illegal and invalid.

The affidavit of the plaintiff, submitted in opposition to the said motion, alleges that he is the plaintiff in the action, which is brought on two notes made by defendant Capital Electric Light Company, and each note is signed by the defendant Eisenberg as its president, and also indorsed by him; that the Capital Electric Company, Inc., was petitioned in bankruptcy on or about October 8, 1918; that at that time and for several years before, the office and place of business of the Capital Electric Light Company, Inc., was at No. 525 Broadway, borough of Manhattan, city of New York; that defendant Samuel Eisenberg had sole and exclusive charge of the business; that he is and was for many years last past a resident of the city and state of New York; that while a resident of the city and state of New York and an officer of the defendant bankrupt, the Capital Electric Light Company, Inc., he appeared before the referee in bankruptcy after October, 1918, and up to some time in May of 1919 he appeared in person and he appeared with counsel, and he was ordered as officer of bankrupt and familiar with its standing to prepare and file schedules in bankruptcy; and that he did leave the city of New York, but that was only for the purpose

of trying to evade the filing of schedules as ordered, and the time for said filing was extended. The affidavit further alleges that he was later located in New Jersey, and a subpœna was issued to him; that he appeared before the referee on September 29, 1919, and at his own request the matter was adjourned to the 7th of October, 1919, and he was directed in the meantime to prepare and file schedules in bankruptcy; and that the said Eisenberg has virtually fled from the jurisdiction. An affidavit of Samuel Siegel, submitted in opposition, alleges that he is well acquainted with the said Eisenberg; that he has known the said Eisenberg, and as long as deponent has known him he has been a resident of the city of New York; that deponent knows of his own knowledge that for quite some time the said defendant was residing at No. 39 New Lots road, in the borough of Brooklyn, city of New York; title to which premises your deponent is informed and verily believes was either in the said Samuel Eisenberg or his wife, and that said Eisenberg resided there as late as the month of May of this year; that deponent has made numerous inquiries in the vicinity of No. 39 New Lots road, Brooklyn, New York, and has been informed that said Eisenberg frequently stops there for four or five days at a time, and that the opinion of deponent is that said Eisenberg has just been temporarily staying without the state of New York so as to avoid the consequences of an investigation into bankruptcy proceedings, wherein he is the main figurehead.

This application presents two questions, viz.: *First,* is the defendant Eisenberg a non-resident of the state of New York? *Second,* is he exempt from service of process in a civil action when in the city of New York in response to a subpœna to testify in a bankruptcy hearing before a referee in bankruptcy?

As to the first question, the allegations in the affidavits submitted may not be convincing, but they are sufficient to raise a serious question as to whether the defendant Eisenberg should be regarded as an actual non-resident, instead of as an officer of a bankrupt corporation temporarily absent from the jurisdiction. Where it does not clearly appear that the said defendant is an actual non-resident, he should not be so regarded for the purposes of this motion.

As to the second question, assuming but not deciding that said Eisenberg was an actual non-resident at the time of the service of the summons and complaint, the answer depends upon the application of the rules, which under varying conditions temporarily exempt a party from service of civil process. In *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, Werner, J., wrote " that from the earliest times it has been the policy of the common law that witnesses should be produced for oral examination, and that parties should have full opportunity to be present and heard when their cases are tried. It is in furtherance of that policy and the due administration of justice that suitors and witnesses from abroad are privileged from liability to other criminal and civil prosecution *eundo, morando, et redeundo* (Year Book, 13 Henry IV, I. B. Viner's Abr. ' Privilege '). * * * It is not only not a natural right but it is in derogation of the common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded. Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or

witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise &ast; &ast; &ast; The privilege is held not to exist in such cases.'' That rule was cited with approval in *Bunce* v. *Humphrey,* 214 N. Y. 21, and in *Dwelle* v. *Allen,* 151 App. Div. 717.

On the facts presented by the defendant Eisenberg it cannot be said that he has brought himself within the spirit of the rule which protects from service of process one who voluntarily attends in a given jurisdiction as a witness. Motion to vacate and set aside the service of the summons and complaint is denied, with ten dollars costs.

Motion denied, with ten dollars costs.