In the Matter of the Judicial Settlement of the Account of WILLIAM O'KEEFE, Executor, etc., of THOMAS H. O'KEEFE, Deceased, Respondent; BANK OF HUNTINGTON, as Executor, etc., of ANNA B. PARISH, Deceased, and GEORGE O'KEEFE, Appellants. (Appeal No. 2.) — Proceeding instituted in the Surrogate's Court of Nassau county by the executor of the last will and testament of the decedent for the settlement of his account. The decree of the Surrogate's Court settled such account and contained, *inter alia*, provisions (a) dismissing the objections of the objectants-appellants relating to the accountant-respondent's alleged misappropriation of a certain leasehold belonging to the estate and of an option contained in the lease to the tenant for the purchase of the demised premises, and (b) awarding commissions to the executor-respondent. From that decree and the whole thereof the objectants severally appeal. They urge, however, only (1) that the objections relating to the alleged misappropriation by the executor were dismissed erroneously, and that consequently the executor-respondent should account to the estate for its loss by reason of such misappropriation; and (2) that the award of commissions to the executor was error. Decree of the Surrogate's Court of Nassau county modified (a) by striking therefrom the provisions dismissing the objections of the appellants which relate to the executor's alleged misappropriation of the leasehold and option, and (b) by striking therefrom the provision for an award of commissions to the executor. As thus modified, the decree is unanimously affirmed, with costs to the objectants-appellants jointly, payable by the respondent personally. The matter is remitted to the Surrogate's Court (a) to determine the amount with which the executor should be charged in favor of the estate, representing such loss, and (b) to determine the amounts paid by the executor to himself on account of commissions, and to charge him with such amounts accordingly. The evidence required a finding that the executor misappropriated and availed himself personally of the leasehold and option in question. For such misconduct this court upon a companion appeal (*Matter of O'Keefe* [*Appeal No. 1*], *ante*, p. 691, decided herewith), has in effect directed his removal as executor. He should be charged upon the new hearing before the surrogate with the then ascertained loss in money sustained by the estate by reason of such misconduct. Under the circumstances, he is not entitled to commissions. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

ALEXANDER KORAL, Respondent, v. SAVORY, INC., and Others, Defendants, and ASHLEY F. WILSON, Appellant.— Order denying defendant Wilson's motion to vacate and set aside the service of the summons on him affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.