NEW ENGLAND INDUSTRIES, INC., Appellant, *v.* CHARLES J. MAR-GIOTTI, Respondent, et al., Defendants.

GENERAL ATLANTIC STEAMSHIP CORPORATION, Appellant, *v.* CHARLES J. MARGIOTTI, Respondent, et al., Defendants.

First Department, March 8, 1946.

*William E. Haudek* of counsel (*Abraham L. Pomerantz,* attorney for New England Industries, Inc.; *Karl J. Schumer,* attorney for General Atlantic Steamship Corporation), for appellants.

*Joseph K. Guerin* of counsel appearing specially (*Herbert Goldmark* with him on the brief; *Myers & Guerin,* attorneys), for respondent.

CALLAHAN, J. The question presented is whether respondent, a resident of Pittsburgh, Pennsylvania, was immune from service of process in these actions because at the time service was made he had come within this jurisdiction voluntarily, or whether service was permissible because he had come here by compulsion.

Defendant was here pursuant to an order for his examination before trial in another action pending against him in the Supreme Court of this State. After the examination was completed and before defendant could return to his home in Pittsburgh, the present service was effected. The order for examination before trial in the earlier action had not been served on defendant, but upon his attorneys in that suit. No subpœna had been served upon defendant.

We consider it proper to hold that, under such circumstances, defendant was here as a party and witness in a civil suit, and that he was not under that degree of compulsion which would deprive him of the privilege of being exempt from service of process.

In *Parker* v. *Marco* (136 N. Y. 585, 589) the Court of Appeals said: " The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party or in which he is to be sworn as a witness is a very ancient one. (Year Book 13, Hen. IV, I. B. Viner's Abr. ' Privilege.')

" It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the mainte-

nance of its authority and dignity and in order to promote the due and efficient administration of justice. (*Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 id. 568.) '' See, also, *Roberts* v. *Thompson,* 149 App. Div. 437, 440.)

Appellant contends that this case is controlled by the rule enunciated in *Netograph Manufacturing Co.* v. *Scrugham* (197 N. Y. 377). There the defendant had been arrested in this State on a criminal charge, and had given bail for his appearance on the trial. The Court of Appeals held that when he came here for trial of the criminal indictment he did not come voluntarily, but under compulsion, and that he had no immunity from service of civil process. Attendance as a witness upon a criminal trial pursuant to a subpœna was likewise held to be compulsory attendance. (*Dwelle* v. *Allen,* 151 App. Div. 717.)

On the other hand, suitors as well as witnesses in civil proceedings have been held immune from service of civil process while in attendance upon the court and during a reasonable time in coming and going. (*Stewart* v. *Ramsay,* 242 U. S. 128; *Person* v. *Grier,* 66 N. Y. 124; *Powelson* v. *Proctor & Gamble Co.,* 200 App. Div. 447.) The privilege has been held to extend to a nonresident party who came into this State to hear the argument of her appeal in another action. (*Chase National Bank* v. *Turner,* 269 N. Y. 397.)

An order for the examination of a party before trial initiates a proceeding for the taking by deposition of testimony to be used by his adversary on the trial of a civil action. (Civ. Prac. Act, § 288.) Where the party fails to appear, he may not be imprisoned for contempt or fined when the order is not personally served upon him. (*Likay* v. *Gottesman,* 235 App. Div. 858; *Rapaport* v. *Dubrow,* 245 App. Div. 735.) His pleading may be stricken out (Civ. Prac. Act, § 299) and judgment taken against him. He might suffer consequences equally unfortunate if he failed to appear upon the trial to testify in his own behalf.

We have not overlooked the decision in *Koral* v. *Savory, Inc.* (254 App. Div. 692 [2d Dept.]). Though a situation somewhat similar to the present was involved therein and a contrary determination seems to have been arrived at, the record on appeal in that case discloses facts which might make the cases distinguishable. There the person served, though named as a party, had avoided service of the summons in a suit. Eventually an order was procured for the examination of a corporation which was a party to the action. While attending as an officer of such corporation, he was served personally with a summons in the very

action in which he was so attending. We need not determine whether, under facts such as were disclosed in the case cited, we would have arrived at a like decision.

We consider it proper to hold that, when a nonresident party to a civil suit comes into this jurisdiction to testify as an adverse party on an order procured for his examination, but not served on him personally, he should not be deprived of immunity from service of other civil process.

The orders appealed from should be affirmed, each with $10 costs and disbursements.

MARTIN, P. J., TOWNLEY, GLENNON and PECK, JJ., concur.

Orders unanimously affirmed, each with $10 costs and disbursements to the respondent. [See *post*, p. 488.]