Benjamin F. Schreiber, J.
Defendant was arrested under a civil order of arrest issued pursuant to section 827 of the Civil Practice Act and gave bail. He moves to vacate and set aside the order and to be discharged from bail.
Defendant attacks the order of arrest on the ground that the judgment in aid of which it was issued (61 N. Y. S. 2d 665) is invalid. That judgment Avas, on appeal, affirmed by our *596 Appellate Division. (271 App. Div. 872.) Although an appeal from that affirmance is being prosecuted to the Court of Appeals (297 N. Y. 530, affd. 334 U. S. 555) the judgment must be regarded by this court as in full force, and the order of arrest was accordingly proper. Grounds are, however, urged by the defendant which, even conceding the propriety of the order, challenge the legality of the arrest itself. The motion will therefore be treated merely as a motion to quash the arrest, and to discharge the defendant from bail.
The ground urged for such relief is that the defendant, a nonresident, was at the time of his arrest voluntarily in this State in attendance upon a judicial proceeding and was accordingly immune from civil arrest. It appears that the defendant is a resident of Nevada and was there served with a summons by the United States Marshal requiring his attendance at the United States District Court for the Southern District of New York on February 27, 1947, for the purpose of pleading to an indictment against him; that he came into this State for that purpose, and that after having pleaded to the indictment and on leaving the Federal courthouse, he was arrested under the civil order of arrest herein and detained until he furnished the bail specified in the order.
The rule is well settled that where a nonresident of the State enters the State voluntarily to attend as a party or witness upon any judicial proceeding, he is immune from civil process while coming to and going from place of such attendance. (New England Inds. v. Margiotti, 270 App. Div. 488 and cases cited.) If the visit of the defendant to the State for the purpose of pleading to the Federal indictment against him was voluntary rather than compulsory in character, he falls within the immunity stated. (Cf. Dwelle v. Allen, 151 App. Div. 717.)
The Buies of Criminal Procedure for the District Courts of the United States provide (rule 9, subd. [a]; U. S. Code, tit. 18, following § 687 [now § 3771]) that “ Upon the request of the attorney for the government the court shall issue a warrant for each defendant named * * * in the indictment. The clerk shall issue a summons instead of a warrant upon the request of the attorney for the government or by direction of the court. * * * If a defendant fails to appear in response to the summons, a warrant shall issue.”
In the light of this rule, a summons issued under it cannot be regarded as a compulsory process. No punishment is provided for failure to comply with the summons. The only consequence to be anticipated on noncompliance is what may occur even in the absence of the issuance of the summons, to wit, an arrest. *597 A nonresident defendant served with a summons has the alternative either of proceeding at his own expense to the State where the arraignment is to be had, or awaiting the appearance of the arresting officer who will convey him there. Presumably, one of the purposes for the provision in the rule for the issuance of the summons instead of a warrant is a matter of public policy to encourage defendants to appear voluntarily. Since the policy of the rule which extends immunity from process to a person appearing voluntarily is similarly to encourage voluntary appearance, the situation seems clearly one which calls for the protection of that immunity.
But counsel for plaintiff urges that even if it be true that defendant was immune from arrest while on his way to plead, he lost that immunity when, after having pleaded to the indictment, he was held by the Federal court in bail, which bail he furnished. So to hold would be to set at naught the purpose for the immunity, already indicated. A nonresident weighing the alternatives of voluntary appearance and arrest in the situation such as that which confronted the defendant would be aware that upon pleading he would be required to furnish bail; and were he to face a prospective loss, from that point forward, of immunity from civil process, the inducement to voluntary appearance would, for practical purposes, disappear. The court must rule therefore, as a matter of law, that defendant’s appearance in the Federal court was voluntary and that consequently he was immune from the service of process. The motion is granted to the extent of quashing the arrest and discharge of his surety. Settle order.