RESORT AIRLINES, INC., Plaintiff, *v.* WALTER STERNBERG et al., Defendants.[*]

Supreme Court, Special Term, New York County, August 9, 1955.

*Thomas D. Conway* for Walter Sternberg, defendant.

*Sherman & Goldring* for plaintiff.

MARKOWITZ, J. This is a motion to vacate and set aside the service of a summons upon the claimed privilege of immunity. Walter Sternberg, the defendant in this action, is a nonresident of New York. In another action between the same parties, wherein Sternberg was the plaintiff, the court order provided that he appear for examination before trial, and that if he failed to appear, his complaint in that action would be stricken. While in New York and while in attendance as a party plaintiff on said examination before trial and in compliance with the order of this court, he was served with process in this action. The said order, which had directed his appearance, provided that in the event he failed to appear for examination before trial, his complaint was to be stricken.

Defendant Sternberg contends that the court order under penalty of dismissal of his complaint required his attendance in New York, and that such attendance was not voluntary, but privileged. Defendant cites the case of *New England Industries* v. *Margiotti* (270 App. Div. 488), as authority for his immunity

---

[*] Cf. *Landsman* v. *Rabinowitz*, 208 Misc. 126.

to the service in this case, of which he now complains. An examination of the facts in the *Margiotti* case discloses the following:

Defendant, a resident of Pennsylvania, was in New York pursuant to an order for his examination before trial in another action pending against him in the Supreme Court of this State. After the examination was completed and before the defendant could return to his home in Pittsburgh, he was served with process in the action of *New England Industries* v. *Margiotti* (*supra*). The court concluded (p. 491): "We consider it proper to hold that, when a nonresident party to a civil suit comes into this jurisdiction to testify as an adverse party on an order procured for his examination, but not served on him personally, he should not be deprived of immunity from service of other civil process."

I am of the opinion that the facts in the *Margiotti* case are distinguishable from the facts here. Margiotti honored the directions and wishes of this court and made himself amenable to the process of this court and accordingly, while acting in that manner, the court felt that he should not be subjected to service of other civil process. Thereby lies the quality which I believe created the element of compulsion upon Margiotti to appear in our jurisdiction.

In the instant case, Sternberg is the plaintiff in the action in which he was caused to attend for his examination before trial. Thus he was here at the time of the service, in his capacity as a plaintiff litigant, and not as a defending one. I am further of the opinion that Sternberg, a nonresident of this State, may not, on the one hand, use our courts for the purpose of instituting his own causes against the plaintiff here, and obtain warrants of attachment therein, and, on the other hand, while here in those actions, seek to avoid process in another action instituted by the very same party whom he is suing here. Surely, if a counterclaim had been asserted against him in the action where he is plaintiff, he could not properly complain. Thus, I am of the opinion he may not complain where he uses our forum for his own purposes and at the same time seeks to avoid responsibility of jurisdiction over him by the same party he is here suing.

The motion is denied. Defendant may answer within twenty days after service of a copy of this order, with notice of entry.