Arthur Wachtel, J.
This is a holdover proceeding brought by the Amalgamated Housing Corporation, a limited dividend housing company, organized and existing pursuant to the Public Housing Law of the State of New York. The petition is based upon a certificate authorizing the commencement of these pro *832 ceedings issued by the New York State Commissioner of Housing dated December 8, 1954. This certificate was issued pursuant to the rules and regulations of the Division of Housing in effect at the time of the filing of the application with reference to evictions from limited dividend housing projects, whereby it is provided that a mutual or co-operative housing company may evict a rental tenant when the facilities occupied by such tenant are desired for a stockholder or other person having a proprietary interest in such company (par. 7 of the certificate issued by the Commissioner of Housing). [See Public Housing Law, §§ 14, 19, 182, subd. 3, par. (b), cl. (1); N. Y. Official Comp, of Codes, Rules & Regulations, 7th Supp., p. 209.] The certificate granted to the landlord leave to “ pursue its remedies at law for the eviction of the tenant ” and further provided that ‘1 no action or proceeding shall be commenced for such purpose until a 30 day notice shall have been given to the tenant to find new accommodations, which period shall not commence prior to the service of a copy of this order on the tenant, such service to be made in the manner prescribed by the Civil Practice Act for the service of a precept in summary proceedings.”
A previous proceeding brought by the landlord against the tenant was dismissed upon the ground that the order of the commissioner (referred to herein also as the “ certificate ”) was not served as prescribed by the Civil Practice Act for the service of a precept in summary proceedings in that a copy thereof had been left with a person at the premises, but an additional copy had not been mailed as required by section 1421 of the Civil Practice Act. Immediately after the said trial, a copy of the certificate was delivered personally to the tenant while he was still in the courtroom on March 22, 1957. The tenant challenges the service of this order within the confines of the courtroom as being invalid.
The landlord served a 30-day notice upon the tenant to quit the premises dated January 7,1957, on January 24,1957, stating as follows: “ You are hereby notified that the Landlord elects to terminate your tenancy of the premises above described now held by you under monthly hiring; and that unless you remove from the said premises on the 28th day of February, 1957, the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term.” It further appears that the landlord accepted rent for the month of February, 1957, after the service of the said notice to quit, namely, on February 18, 1957. The precept was issued *833 subsequent thereto, on April 29. The tenant contends that the acceptance of rent effected a waiver of the notice to quit.
The tenant also contends that the person on whose behalf the proceeding was brought, Philip Kuperberg, has been and is now occupying accommodations provided for him by the landlord pending these proceedings and that, therefore, this matter should be stayed pending a review by the commissioner of the certificate.
With respect to the first contention, the court is compelled to conclude, after review of the authorities, that the service of the order in the courtroom is not jurisdictionally defective. The exemption from service upon a person attending court extends only to those who reside beyond the territorial jurisdiction of the State. The case cited by the tenant, New England Inds. v. Margiotti (270 App. Div. 488) is a case in which service was made upon a nonresident. The court agrees that the reason for the rule as set forth in the Margiotti case, namely, the maintenance of the authority and dignity of the court in order to promote the due and efficient administration of justice, applies equally to residents as well as nonresidents, but this is a matter for the Legislature.
With respect to the second contention of the tenant, that acceptance of rent after the service of the notice to quit constitutes a waiver of the notice, the court concludes that this argument is not tenable on the basis.of the decisional law. The tenant herein is a statutory tenant and this is specifically stated in the certificate of the Commissioner of Housing (par. 6). His rights are determined by the Public Housing Law and the Commissioner of Housing under such law has issued rules and regulations whereby tenants in housing projects subject to the Public Housing Law may be evicted. The certificate in question was issued in accordance with those rules and regulations and it was in accordance therewith that the landlord served the notice to quit and commenced these proceedings. This is not a case of a forfeiture by reason of the violation of the terms of a lease which is deemed waived in the event that the landlord, with knowledge of the forfeiture, accepts rent, nor is it a case of a violation of tenancy such as subletting without the consent of the landlord which may be deemed waived when the landlord, with knowledge thereof, accepts rent. This case is controlled by the law which is now settled to the effect that where rent is accepted after notice to quit and before the commencement of proceedings, the proceedings are not maintainable if the rent is paid and accepted for a period of time subsequent to the termination date of the notice; but if the rent is received for the period prior to the expiration of the lease, notice to quit is good. *834 (Ringler & Co. v. Schmelzeisen, 123 Misc. 394; Ferraro v. Trifiro, 60 N. Y. S. 2d 679; Empire State v. Graceline Handbags, 192 Misc. 679; Ginsburg v. Leit, 187 N. Y. S. 450; Maidman Properties v. Rebuilt Mach. Corp., 54 N. Y. S. 2d 263; Wagner Bldg. v. United Cigar Whalen Stores, 203 Misc. 382; New York Law of Landlord and Tenant, Vol. 3, § 1091; Rasch on Landlord and Tenant, Vol. 2, §§ 1066, 1067.) The theory of these cases is that by accepting rent for a period of time extending beyond the expiration date, the tenant is not deemed holding over without the permission of the landlord. But this reasoning does not apply when the period of time for which rent is paid does not extend beyond the expiration date, as in the ease at bar. Subdivision 8 of section 1410 of the Civil Practice Act, which permits the acceptance of rents during the pendency of a summary proceeding, changes the law to the extent that now a landlord, after the termination of a tenancy, may accept the rent for a period extending beyond the termination date of tenancy without prejudice to his rights, provided such acceptance of rent occurs after the commencement of summary proceedings. (See 2 Basch on Landlord and Tenant, § 1066.) However, in the case at bar, the rent was accepted on February 18, during the month included in the 30-day notice, in and for the month of February. The period of time for which the rent was accepted did not extend beyond the termination of tenancy as set forth in the notice, namely, it did not extend beyond February 28. Accordingly, under the authorities, this is not a case where the acceptance of rent effectuated a waiver of the notice to quit.
With respect to the third contention of the tenant, that the matter should be remanded to the rent commissioner by reason of the fact that the party on whose behalf the proceeding was brought has received temporary accommodations pending this proceeding; it appears that these accommodations were given to the said party with the knowledge and consent of the assistant counsel in charge of the matter in the Division of Housing. The contention is made by the landlord that this point was considered and rejected by the Appellate Division in that the certificate was reinstated by the Appellate Division reversing the Supreme Court. (Matter of Luxenberg v. Stichman, 2 A D 2d 605.) This court cannot review the proceedings with relation to the propriety of the issuance of a certificate by the Commissioner of Housing. The tenant has his remedy to challenge the issuance of the certificate by proceedings directly addressed to the commissioner and court review therefor by the Supreme Court.
*835 Accordingly, final order for landlord. In view of all the circumstances, the court directs a stay of the execution of the warrant for six months pursuant to section 1436-a of the Civil Practice Act.