THERMOID COMPANY, Appellant, *v.* GEORGE S. FABEL, Respondent.

First Department, October 22, 1957.

*Charles H. Tuttle* of counsel (*Thomas A. Shaw, Jr.,* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for appellant.

*Walter L. Stratton* of counsel (*Donovan Leisure Newton & Irvine,* attorneys), for respondent.

FRANK, J. This is an appeal from an order vacating service of a summons on the ground that at the time of the service, the defendant was immune therefrom.

On April 13, 1956 an indictment was filed against the defendant, a resident of North Carolina, in the United States District Court for the Southern District of New York. The complaint in this action substantially charges the defendant with the same acts of misconduct as were alleged in the indictment. On April 17, 1956 the defendant surrendered to that court, entered a plea of "not guilty" and was released under bail, the terms of which permitted him to leave New York and return to his home. On February 27, 1957, after some weeks on trial, the defendant terminated it, by entering a plea of guilty to one count and a plea of *nolo contendere* to three others. Bail was continued

pending sentence. The defendant returned to New York on March 17 and remained in the city awaiting sentence. On March 26, 1957 the defendant was fined $25,000 and " the imposition of a jail sentence was suspended ".

Thereafter the defendant left the Federal courthouse and, as Special Term correctly found, was served with process in this action on a New York City street and not upon Federal property.

Special Term also determined that the defendant's initial appearance was voluntary. Although not deemed necessary for the determination here made, we will assume that to be the fact.

There is no uniformity of policy among the several States upon the subject of the extension of immunity from service of process to a nonresident, be he litigant, witness or counsel (72 C. J. S., Process, § 82, p. 1121). It has long been the public policy in this State, as indeed it was under English common law, to grant immunity from service of process to foreign suitors and witnesses voluntarily attending upon our courts (*Parker* v. *Marco,* 136 N. Y. 585; *Matthews* v. *Tufts,* 87 N. Y. 568; *Person* v. *Grier,* 66 N. Y. 124).

The immunity here involved is not a natural right, but is rather a privilege extended to a litigant as a matter of public policy having its origin in the need for the orderly administration of justice and the avoidance of delay due to the nonappearance of necessary parties and witnesses. Nonresidents can thus make voluntary appearance in pending litigation free from the danger of personal jurisdiction being acquired over them in our courts by service of process upon them. The reason for the rule falls when a litigant is here involuntarily or by some form of legal compulsion. Nor should the privilege be extended beyond the reason for the rule (*Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377). Since the rule emanates from and is expressive of public policy, there must necessarily be adherence to any authoritative declaration of State policy that modifies or clarifies the rule.

New York State policy with respect to any person without the State, who voluntarily surrenders and waives extradition on a State criminal charge, is now evident by the adoption in 1936 of section 855 of the Code of Criminal Procedure.

The section (identical with Uniform Criminal Extradition Act, § 25, from which it was taken) provides immunity from the service of process in civil actions arising out of the same facts " until [the defendant] has been convicted in the criminal proceeding ". " The public policy of this state when the

legislature acts is what the legislature says that it shall be "
(*Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161, 163
[CARDOZO, J.] ; see, also, *Demarest* v. *Flack*, 128 N. Y. 205, 214;
*Rozell* v. *Rozell*, 256 App. Div. 61, 62).

The defendant in this action, after having been convicted
by his plea of guilty and released on bail pending sentence, left
the State and subsequently returned for sentence. Service was
effected upon him after sentence was imposed. If the indict-
ment upon which he was convicted were for a State offense,
he would not be immune from service by reason of the clear
expression of the Code of Criminal Procedure (§ 855). We can
see no reason to extend a greater privilege to one who came
into the State to be sentenced for a Federal offense.

The learned court below placed great reliance upon *Kreiger*
v. *Kreiger* (7 Misc 2d 595, affd. 272 App. Div. 880). An
examination of the record on appeal discloses that the defend-
ant, a resident of Nevada, came to New York for the purpose
of pleading to an indictment returned against him in the United
States District Court for the Southern District of New York.
After entering a plea of not guilty, he was taken into custody
under a civil order of arrest and furnished bail. The question
arose on an application to vacate the order and discharge bail.
That case furnishes no authority for this. It clearly appears
that the criminal indictment against Krieger had not been dis-
posed of by an acquittal or a conviction. It is therefore mani-
fest that since the service of the order in the *Krieger* case
occurred before the final disposition of the indictment, the rule
here applied would not have changed the result in that case.

We must hold that whatever immunity the defendant
acquired was terminated upon the imposition of sentence. The
order should be reversed and the motion denied.

BREITEL, J. P., BOTEIN, VALENTE and MCNALLY, JJ., concur.

Order unanimously reversed, with $20 costs and disburse-
ments to the appellant, and the motion denied, with $10 costs.