Frank X. Altimarx, J.
This is an application by the petitioner for an order quashing the subpoena of the Nassau County Grand Jury.
The petitioner is a resident of the State of Florida and a nonresident of the State of New York. Prior to February 7, 1973 Mr. Aloi was served with a subpoena of the Federal Grand Jury sitting in and for the Southern District of New York. Mr. Aloi moved to quash the Federal Grand Jury subpoena on the ground that he was gravely ill and unable to appear before the said Grand Jury.
On February 5, 1973, after a physical examination conducted pursuant to a stipulation entered into by the United States Attorney and Mr. Aloi’s attorney, and two days before the scheduled Grand Jury appearance, Judge Harold Tyler, United States District Court Judge, entered an order denying the motion to quash the Federal Grand Jury subpoena. Judge Tyler also directed Mr. Aloi to appear before the Grand Jury on February 7, 1973.
The applicant herein, during oral argument in this court, claimed that his appearance before the Federal Grand Jury was voluntary. His attorney stated that Mr. Aloi consented to appear prior to his being served with a copy of Judge Tyler’s order. For the purposes of the decision herein, this court will assume that the court order was not served upon Mr. Aloi or his attorney, but that Mr. Aloi’s attorney was aware of Judge Tyler’s order.
After Mr. Aloi’s Federal Grand Jury appearance, he was transported to the Federal District Court of New York for the Eastern District for the purpose of arraignment on an open Federal indictment, upon which a bench warrant of arrest had been issued.
*265 Immediately after arraignment on the Federal indictment, Mr. Aloi was served with the subpoena to appear before the Nassau County Grand Jury.
Mr. Aloi contends that his appearance in New York before the Federal Grand Jury was voluntary and therefore he was immune from service of process. The petitioner relies upon Matter of Robinson v. Stichman (18 A D 2d 449).
The time-honored rule provides that persons voluntarily coming within the State of New York to answer charges are immune from service of civil or criminal process while within the confines of the State of New York. (Thermoid Co. v. Fabel, 4 N Y 2d 494.) Persons who come voluntarily to New York to a Federal proceeding are similarly immune from service of process. (Bunce v. Humphrey, 214 N. Y. 21.)
The threshold question is whether or not the petitioner appeared voluntarily in New York as a witness before the Federal Grand Jury. (McCarver v. De Mornay-Bonardi Corp., 8 Misc 2d 273, app. dsmd. 5 A D 2d 844.) The resolution of such question hinges upon whether there might be imprisonment for contempt or a fine imposed if there was no appearance. (New England Ind. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722.)
In the case at bar, Mr. Aloi was served with a Federal Grand Jury subpoena. There is no question that if he failed to appear in response to that subpoena he would have been liable to a fine or imprisonment for contempt. (U. S. Code, tit. 18, §§ 401, 402; Levine v. United States, 362 U. S. 610.) The fact that Mr. Aloi moved to quash the subpoena and, before service of the formal court order which denied the motion to quash, he appeared before the Grand Jury, does not alter the situation. In view of the above discussion, this court concludes that Mr. Aloi was in New York involuntarily in response to the Federal Grand Jury subpoena. (Cf. Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377.) Therefore, Mr. Aloi was not immune to the service of the Nassau County Grand Jury subpoena.
The petitioner also claims that even if he were in New York involuntarily, he would be immune from service of the Nassau County Grand Jury subpoena. He relies upon subdivision 4 of CPL 640.10.
The section provides in part: ‘6 4. Exemption from arrest and service of process. If a person comes into this state in obedience to a subpoena directing him to attend and testify in this state he shall not while in this state pursuant to such subpoena or order be subject to arrest or the service of process, *266 civil or criminal, in connection with matters which arose before his entrance into this state under the subpoena.”
Mr. Aloi was not brought to New York State pursuant to a subpoena of a court of New York State. He came to New York pursuant to Federal Grand Jury subpoena. Article 640 of the CPL is the uniform act to secure attendance of witnesses from without the State in criminal cases. If the Federal Government was a signatory to such act, the petitioner’s claim might be viable. However, the Federal Government has not enacted such legislation or agreed to be bound by it. Nor has petitioner cited any Federal case law which adopts a similar provision of law. Therefore, this court holds that article 640 of the New York CPL is inapplicable to the case at bar.
Based upon the foregoing, this court holds that the petitioner herein was properly served with the subpoena of the Nassau County Grand Jury, and was not exempt or immune from the service of the said subpoena.
The petitioner also claims that he is too ill to travel from the State of Florida to New York, to return home after his appearance before the Grand Jury, and too ill to testify before the Grand Jury.
This court is of the opinion that Sebastiano Aloi should be examined by a licensed physician to determine whether grave injury to the health of petitioner would result if he traveled to New York to appear before the Grand Jury. To that end, the District Attorney of Nassau County is hereby authorized and empowered to submit an order to this court appointing a licensed physician to examine Sebastiano Aloi for such purpose and to report to this court his findings. Said examination is to occur within 21 days from the date of the order entered hereon and the report of such physician shall be delivered to the court within 30 days from the date of the order entered hereon.
The separate order to be submitted by the District Attorney shall also provide a date for Mr. Aloi’s Grand Jury appearance, in the event he is found able to appear.
In view of the fact that the petitioner herein has requested that the District Attorney’s office pay his travel expenses from his home in Florida to New York and for the return trip, it is directed that the District Attorney’s office pay to the petitioner the fees authorized by law, in the event he does appear before the Grand Jury.