DIXON, Justice.
Defendants Robert M. Schwartz and Henry F. Jacomb filed a motion to set aside their arrest and annul their bond obligations. The basis of the motion was that the nonresidents were in this State in response to a federal subpoena to testify at a federal grand jury investigation, and were therefore exempt from arrest for matters which arose before the issuance of the summons. After a hearing the motion was denied, and we granted writs to consider the applicability of C.Cr.P. 743, the statute under which the defendants claim immunity from arrest.
Defendants were arrested under warrants issued by a State court judge for violation of R.S. IS :706 and 716, which define certain dealings with unregistered securities as felonies. Although the warrants had issued at the request of State authorities, the investigation which preceded both the issuance of the State warrants and the federal subpoena to attend a grand jury hearing in Baton Rouge was the result of the combined efforts of federal and State law enforcement authorities.
The rule in Louisiana is that an arrest warrant may be executed anywhere in this State. C.Cr.P. 204. This State has not recognized a rule of immunity from process or arrest for nonresidents appearing in this State under compulsion.[1] (For *205 applications of such rule see Northumberland Ins. Co., Ltd. v. Wolfson, Del., 251 A.2d 194; Dwelle v. Allen, 193 F. 546). Defendants rely solely upon C.Cr.P. 743, which provides:
“If a person comes into this state .in obedience to a summons directing him to attend and testify in this state, he shall not, while in this state pursuant to such summons or order, be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons.
“If a person passes through this state while going to another state in obedience to a summons or order to attend and testify in that state or while returning therefrom, he shall not, while so passing through this state be subject to arrest, or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons or order.”
The 1931 Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings was adopted in Louisiana with only slight changes in 1936 by Act 285. C.Cr.P. 743 is identical with § 4 of that act, and appears in Chapter 3, Title XXV, Compulsory Process, Code of Criminal Procedure, where Act 285 of 1936 appears as enacted, except for a rearrangement of its sections.
The argument is that the exemption from process and arrest in C.Cr.P. 743 is not restricted to persons in this State in obedience to a State summons, but is broad enough to include all persons present in Louisiana pursuant to a federal summons.
The argument overlooks the clear purpose of the act — to facilitate the production of witnesses in criminal cases in the judicial systems of the states and territories, as well as the District of Columbia. The federal system requires no such cooperation, since its compulsory process extends to the entire country.
Our interpretation of C.Cr.P. 743 is that it does not extend the immunity to persons in this State in response to a federal subpoena, but only to persons appearing in this State pursuant to the provisions of C.Cr.P. 741. Northumberland Ins. Co., Ltd. v. Wolfson, supra, is not controlling, since we do not recognize the common law doctrine of immunity from arrest when appearing in a foreign jurisdiction.
More persuasive is a New York decision which decided the issue adverse to defendants. In People v. Aloi, 74 Misc.2d 263, 342 N.Y.S.2d 740 (1973), Aloi, a Florida resident, was subpoenaed to appear before the federal grand jury sitting in and for the Southern District of New York. He appeared in New York pursuant to the federal subpoena. After his appearance before the federal grand jury, he was served with a state subpoena to appear before the Nassau County grand jury. Tri rejecting his contention that he was immune from service of the subpoena to appear before the state grand jury, the New York court stated:
“The petitioner also claims that even if he were in New York involuntarily, he would be immune from service of the Nassau County Grand Jury subpoena. He relies upon Section 640.10 subd. 4 of the New York Criminal Procedure Law.
The section provides in part:
“ ‘4. Exemption from arrest and service of process. If a person comes into this state in obedience to a subpoena direct *206 ing him to attend and testify in this state he shall not while in this state pursuant to such subpoena or order be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the subpoena. . . . ’
“Mr. Aloi was not brought to New York State pursuant to a subpoena of a court of New York State. He came to New York pursuant to Federal Grand Jury subpoena. Article 640 of the Criminal Procedure Law is the Uniform Act to Secure Attendance of Witnesses From Without the State In Criminal Cases. If the Federal government was a signatory to such act, the petitioner’s claim might be viable. However, the Federal government has not enacted such legislation or agreed to be bound by it. Nor has petitioner cited any federal case law which adopts a similar provision of law. Therefore, this court holds that Article 640 of the New York Criminal Proced-dure Law is inapplicable to the case at bar.
“Based upon the foregoing, this court holds that the petitioner herein was properly served with the subpoena of the Nassau County Grand Jury, and was not exempt or immune from the service of the said subpoena.” 342 N.Y.S.2d 740, 742.
The construction given the Uniform Act by the New York court in Aloi, supra, is consistent with its purpose. Since Schwartz and Jacomb were under federal compulsion to appear in this State, there is no logical reason to hold that the State may not validly seek to enforce its criminal laws by service of State arrest warrants. The State of Louisiana did not compel their presence. Therefore, the protection afforded by the Uniform Act is inapplicable. Any interference. by the states with federal proceedings by the arrest of foreign witnesses will be adequately protected in that system.
Therefore, the judgment of the trial court denying the motion to set aside the arrest of defendants is affirmed, and the case is remanded to the district court.

. In Louisiana, the general rule is that a nonresident may be served with civil process wherever he is found within the State. C.C.P. 6. Cf. C.Cr.P. 204. The absence of any articles in the Code of Civil Procedure granting immunity from service of process in favor *205 of any class of persons indicates an intent to make all persons subject to service of process. See 25 Tul.L.Rev. 296, 299 (1951); Gillan v. Jones, 157 So.2d 598 (La.App.2d Cir. 1963), cert. den. 245 La. 569, 159 So.2d 284 (1964) Nonetheless, “fraudulent” service on a nonresident will be set aside. Fidelity and Deposit Co. of Maryland v. Bussa, 207 La. 1042, 22 So.2d 562 (1945); Forbess v. George Morgan Pontiac Co., 135 So.2d 594 (La.App.2d Cir. 1961).