LEMMON, Judge.
This matter is before the court on a writ of review, issued upon application for su *564 pervisory writs under C.C.P. art. 2201 in order to review a judgment quashing a subpoena to compel the attendance of a witness at a deposition.
Plaintiff filed suit to recover damages caused by an invasion of her privacy by defendant, a public relations firm, which allegedly attempted to obtain certain confidential information on behalf of Continental Grain Elevator involving litigation arising out of an explosion at one of Continental’s elevators.
After the suit was filed, Henry Fisher, a resident of Missouri and an officer of Continental’s North American Grain Division, was in Orleans Parish for the purpose of testifying in unrelated litigation involving his employer. He was served with a notice of deposition and a subpoena to attend the' deposition.
Fisher moved to quash the subpoena on the basis that he was a nonresident in the state for the purpose of attending an unrelated civil proceeding, arguing that he was immune from service of process. The trial court granted the motion and quashed the subpoena. Hence, plaintiff’s application for supervisory writs.
The issue is whether a nonresident, who is temporarily in the state for the purpose of voluntarily testifying as a witness in a civil proceeding in which his employer is a defendant, may validly be served with a subpoena to testify in an unrelated proceeding.
Generally, a state court can compel the attendance at trial of any person, resident or nonresident, who is served with a subpoena anywhere within the state. However, many states on the basis of public policy accord immunity from service of process to nonresidents who enter the state to participate in a judicial proceeding. The asserted purposes for the immunity include the efficient administration of justice and the convenience of the courts. See Stewart v. Ramsey, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916); Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932).
As to a nonresident entering the state to appear voluntarily as a witness in a judicial proceeding, the immunity is arguably justified. Since the attendance of such witnesses normally could not be compelled, immunity encourages their attendance (or at least removes the fear of service of process as a basis for discouraging attendance) in order to assist the court in achieving substantial justice.
On the other hand, this justification does not apply to nonresident parties to the litigation who enter the state for the purpose of advancing their own interest rather than the interest of justice. See Keeffe and Roscia, Immunity and Sentimentality, 32 Cornell L.Q. 471 (1947); Immunity of NonResident Participants in a Judicial Proceeding from Service of Process — a Proposal for Renovation, 26 Ind.L.J. 459 (1951).
No Louisiana codal article or statute has been cited which grants or denies immunity to either nonresident witnesses or parties who voluntarily appear in judicial proceedings, and there is no judicial decision holding that such immunity does or does not exist.[1]
In State v. Schwartz, 332 So.2d 204 (La.1976) the Supreme Court held that Louisiana does not recognize a rule of immunity from arrest for nonresidents who are in the state under compulsion.[2] The court reasoned that since the state did not compel the nonresident’s presence here, C.Cr.P. art. 743 was inapplicable, and there was no basis for granting immunity from the enforcement of the state’s criminal laws.
*565 The state’s overriding interest in enforcing its criminal laws is, of course, more compelling than its interest in requiring nonresidents to testify on behalf of litigants in civil proceedings. Furthermore, the Schwartz case primarily turned on the applicability of a specific article on immunity in the Code of Criminal Procedure.
In Gillan v. Jones, 157 So.2d 598 (La.App. 2nd Cir. 1963), a nonresident, who was made a defendant in a trespass action, filed an exception to the jurisdiction. When he appeared at the hearing on his exception, he was served with citation in the same suit. The decision holding that service valid is not enlightening as to the issues presented by the vastly different facts in the present case.
Here, Fisher’s presence in Louisiana is difficult to classify as voluntary, but would more appropriately be viewed as being subtly compelled by his employer. Similarly, his attendance at the trial for several days was not aimed primarily at assisting the court to reach a just result, but was more directed at persuading the court to reach a favorable result to his employer.
Considering the overall circumstances of this case, and noting that there is no legislative grant of immunity to Fisher, we decline to confer immunity judicially. We accordingly hold that when a nonresident enters the state to participate as a party plaintiff or defendant in a judicial proceeding, he may validly be served with process to testify as a witness in a deposition in an unrelated civil proceeding.
For these reasons the judgment quashing the subpoena is reversed.

REVERSED.

. C.C.P. art. 1436, relative to the place where a nonresident temporarily in the state may be required to give a deposition indicates the power and authority of the courts to subpoena nonresidents by in-state service of process, but the article is silent as to immunity of nonresidents who are here to participate in judicial proceedings.

. The Schwartz decision upheld the validity of an arrest warrant served upon a nonresident who was in Louisiana in response to a subpoena by the federal court to testify in a grand jury investigation.