OPINION OF THE COURT
Lawrence E. Kahn, J.
This is an action alleging the conversion of certain personal property, including office furniture, works of art, books, and other personalty allegedly belonging to plaintiff.
The parties hereto were divorced in the State of Tennessee in 1973. The decree of divorce ordered a disposition of the real property and financial assets of the parties. Said decree made no disposition of the property which has allegedly been converted by defendant. In 1975 a supplemental proceeding was had in the State of Tennessee wherein an order was made requiring defendant to return items of personalty which she still had in her possession to plaintiff. However, a definitive enumeration of said property was not contained in the supplemental order. On December 19, 1979 plaintiff commenced the instant action by personal service of a summons with notice upon defendant in the State of New York, when she was present in Albany County Family Court. The plaintiff is now a resident of the State of New York, and defendant is still a resident of the State of Tennessee.
This motion is made to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on the basis that it fails to state a cause of action, pursuant to CPLR 3211 (subd [a], par 8) on the basis that no personal jurisdiction has been acquired over defendant, and pursuant to CPLR 214 (subd 3) on the basis that the applicable three-year Statute of Limitations has expired.
Both the motion to dismiss the complaint and the papers *200 submitted in opposition thereto are based solely upon attorneys’ affidavits. In the determination of this motion, the court is unable to consider those portions of the respective affidavits which deal with factual allegations solely within the knowledge of the parties hereto. While an attorney’s affidavit may be used to set forth information directly within an attorney’s own knowledge, or may deal with legal issues presented, they may not be the basis for a determination of any factual issues presented. Accordingly, this court must limit its decision to the legal questions raised in the respective moving papers.
Fl] The first ground for dismissal is that the complaint fails to state cause of action in conversion. This court does not agree. In the case of Calvada, Inc. v Fidelity & Deposit Co. of Md. (139 NYS2d 92), it was held that a cause of action for alleged conversion of office furniture, and other materials in connection with a plaintiff’s business, which seeks damages therefore and alleges that plaintiff was the owner and entitled to immediate possession was not insufficient as a matter of law, because of a failure to plead precisely how the conversion was accomplished, or to state with a reasonable certainty the property which was allegedly converted and the value thereof. Such facts are obtainable by defendant by way of a bill of particulars.
CPLR 3013 requires a pleading to “be sufficiently particular to give the court and parties notice of the transactions, occurrences * * * intended to be proved and the material elements of each cause of action or defense.” While the complaint in question is admittedly vague, “the ultimate test of whether a pleading states a cause of action is not how fine its prose is”. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3013:6, p 614.) A reading of the four corners of the complaint, when coupled with the previous dealings of the parties hereto and the prior Tennessee order, adequately apprises defendant of the nature of the cause of action asserted. More precision may be obtained by way of a bill of particulars and other discovery devices.
Defendant also asserts that no personal jurisdiction was obtained by service of a summons with notice while she was *201 present in this State for purposes of a court appearance and for no other reason. She alleges that she was immune from service of process while attending this State solely for the purposes of related litigation with her former spouse. It is hornbook law that such immunity does exist in favor of a nonresident who voluntarily comes into our jurisdiction for attendance in court. (Matter of Robinson v Stitchman, 18 AD2d 449; Silfin v Rose, 17 Misc 2d 243; Amalgamated Housing Corp. v Luxenberg, 8 Misc 2d 831.) However, “While the sweep of this privilege is broad, * * * the concept of immunity should be carefully examined in view of the expanding potential for obtaining personal jurisdiction by service outside New York. It would be anomalous to hold that a nonresident, over whom personal jurisdiction could be obtained through service outside the state, would nonetheless be immune from service while he was in New York to attend litigation.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:6, p 216.)
The statement contained in the attorney’s affirmation in opposition to the motion that, on information and belief, defendant was here for other purposes other than the attendance of litigation, has no probative value and is insufficient to defeat the claim of immunity. However, certain uncontroverted facts exist which enable the court to pass upon the question of immunity from service of process.
In a related matter, defendant retained her present attorney for the purposes of bringing an action in New York to convert a Tennessee judgment for arrearages in alimony payments, into a New York judgment. This matter was brought on by motion for summary judgment which was determined by the Honorable Robert C. Williams. It is clear that the present action, the pending Family Court controversy and Judge Williams’ order are all interrelated, involving the issue of the rights and liabilities of the parties hereto vis-a-vis their former marriage. CPLR 302, commonly referred to as our long-arm statute, sets forth the basis by which personal jurisdiction may be obtained upon nondomiciliaries. CPLR 302 (subd [a], par 1) provides as one of the bases for the exercise of such personal jurisdic *202 tian, the transaction of any business within this State. In (Elman v Belson, 32 AD2d 422), it was held that the transaction of business is not to be construed in a strict commercial sense, but includes the making of a retainer for legal services. This defendant has chosen to come into the State of New York and litigate various aspects of her legal rights vis-a-vis her former spouse. Having subjected herself to the parameters of our long-arm statute, she cannot now claim the privileges of a nonresident from immunity from service of process while in this State voluntarily to conduct litigation. Accordingly, she is not immune from the instigation of related litigation directly arising out of the same transaction or series of transactions.
Finally, defendant asserts that the Statute of Limitations has expired, thereby barring plaintiff’s claim. CPLR 214 (subd 3) sets forth the applicable Statute of Limitations as three years from the date of the conversion. While denying that any conversion has in fact occurred, she asserts that the facts which give rise to the instant action occurred in 1973 in the State of Tennessee, while both parties were residents thereof. Attorney for plaintiff contends that said cause of action arose “in late 1977, 1978, 1979 and early 1980.” He further asserts that pursuant to CPLR 207, there was a tolling of the statute while defendant remained outside the State of New York, and that defendant remained outside the State of New York until her appearance in Albany County Family Court, thereby tolling the statute until the date of service. However, this is a cause of action which admittedly accrued without the State. It is therefore encompassed within the purview of CPLR 202 which provides that, “An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued”. The corresponding Tennessee statute provides for a three-year Statute of Limitations on conversion actions. (Tenn Code Ann, § 28-305.) “In order to avoid the borrowing statute [202] and to rely exclusively on the New York period of limitations, it must be shown that the cause of action ‘accrued in favor of a resident.’ This is construed narrowly so that if the cause *203 of action accrues to a nonresident who later becomes a New York resident * * * the borrowing statute will apply. To avoid the borrowing statute, the plaintiff must have been a New York resident the day the cause of action accrued. Cellura v. Cellura, 1965, 24 A.D.2d 59”. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C202:2, p 82.)
While the applicable New York State Statute of Limitations may have been tolled pursuant to CPLR 207, pursuant to CPLR 202, the Tennessee Statute of Limitations will bar this action if the conversion did in fact occur more than three years before service upon defendant. This court cannot determine from the papers when the cause of action accrued. In that respect, the motion is premature and shall be dismissed without prejudice to renew same after further discovery, upon a demonstration of precisely when the cause of action arose.