KUTNER v. HODNETT et al.

(Supreme Court, Special Term, New York County. April 14, 1908.)

PROCESS—PRIVILEGES—NONRESIDENT ATTORNEYS.

    A nonresident attorney, who voluntarily and in pursuance of his business as attorney comes into the state to conduct a litigation on behalf of a client, is not privileged from service of summons.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 147.]

Action by Henry H. Kutner against Richard Hodnett and others. Motion to set aside service of summons. Denied.

Weil, Wolf & Kramer (Jonas B. Weil, of counsel), for plaintiff.

Rounds & Schurman (Carl A. Hansman, of counsel), for defendants.

HENDRICK, J. I find no case in which it is held that the immunity from service of a summons enjoyed by a nonresident party or witness while in this state in attendance on a litigation in which he is such a party or witness extends to an attorney at law of another state, who voluntarily and in pursuance of his business as such attorney comes into this state to conduct a litigation on behalf of a client. The only nonresidents who appear to be exempt from service while attending court in this state are necessary or interested parties, suitors, witnesses, or creditors in bankruptcy. The reason for the exemption of such persons, viz., the promotion of the due and efficient administration of justice, fails when it is sought to be applied to foreign attorneys at law; and to extend the rule to them would enable foreign attorneys to practice law constantly in this state, and at the same time extend to them immunity from the process of the courts of this state.

Motion for reargument granted, and motion to set aside service of the summons denied. Settle order on notice.