THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, *v.* MARY TURNER et al., Defendants, and KATHLEEN N. O'D. CANDEE, Individually and as Executrix of WILLIAM F. S. HART, Deceased, Appellant.

(Argued December 4, 1935; decided January 8, 1936.)

*Mark C. Candee* for appellant. The privilege of a suitor to be exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party is applicable. (*Parker* v. *Marco*, 136 N. Y. 585; *Perusse* v. *Perusse*, 5 H. L. Cas. 671; *Mahon* v. *Mahon*, 2 Irish Eq. Rep. 440; *Ahearne* v. *Maguire*, 2 Irish Eq. Rep. 437; *Pitt* v. *Coomes*, 5 B. & Ad. 1078; *Matter of McNeil*, 6 Mass. 245; *Miles* v. *McCullough*, 1 Binney, 77; *Matthews* v. *Tufts*, 87 N. Y. 568; *Andrews* v. *Lembeck*, 46 Ohio St. 38; *Stewart* v. *Ramsay*, 242 U. S. 128; *Kinne* v. *Lant*, 68 Fed. Rep.

436; *Vincent* v. *Watson*, 1 Rich. Rep. 197; *Newton* v. *Askew*, 6 Hare, 319; *Franklyn* v. *Colquin*, 56 Eng. Rep. 213; *Selby* v. *Hills*, 8 Bing. 166; *Clark* v. *Grant*, 2 Wend. 257.)

*Edward F. X. Ryan* and *George L. Trumbull* for respondent. Attendance at the Appellate Division for the purpose of hearing the argument of an appeal on her behalf did not clothe the appellant with immunity from service of process since her presence at that court was not necessary to further the administration of justice, nor to maintain its authority or dignity. The reason for immunity, therefore, does not exist. (*Ricketts* v. *Gurney*, 1 Chitty, 682; *Matter of Cobbett*, 7 E. & B. 955; *Mountague* v. *Harrison*, 3 C. B. [N. S.] 292; *Gilpin* v. *Cohen*, 4 Exch. 131; *Hopkins* v. *Coburn*, 1 Wend. 292; *Seaver* v. *Robinson*, 3 Duer, 622; *Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 N. Y. 568; *Parker* v. *Marco*, 136 N. Y. 585; *Netograph Mfg. Co.* v. *Scrugham*, 197 N. Y. 377; *Bunce* v. *Humphrey*, 214 N. Y. 21; *Petrova* v. *Roberts*, 245 N. Y. 518; *Finucane* v. *Warner*, 194 N. Y. 160; *Sampson* v. *Graves*, 208 App. Div. 522; *Brooks* v. *State ex rel. Richards*, 79 Atl. Rep. 794; *Lamb* v. *Schmitt*, 285 U. S. 222; *Page Co.* v. *MacDonald*, 261 U. S. 446; *Stewart* v. *Ramsay*, 242 U. S. 128; *Long* v. *Ansell*, 293 U. S. 76.)

CRANE, Ch. J. The Appellate Division has certified to us the following question: " Is a non-resident party defendant who comes into this State for the sole purpose of hearing the argument of her appeal before the Appellate Division in another action immune from service of process while she is returning from the Appellate Division court house to her home outside the State in an action brought in the courts of this State? "

Kathleen N. O'Donnell Candee was the defendant in an action to enforce a mechanic's lien for improvements on premises 465 Central Park West in the borough of Man-

hattan, city of New York. From the judgment against her and others an appeal was taken to the Appellate Division on various grounds. On the hearing of that appeal she came from her home in Connecticut for the sole purpose of being present with her counsel and assisting him, if needed, in the presentation of her case. While leaving the courthouse to return home she was served with process in this case, which is to foreclose a mortgage upon the same premises, and the courts below have held, following *Sampson* v. *Graves* (208 App. Div. 522), that the service was good.

The respondent takes the position, which was that of the court in the *Sampson* case, that when the party's presence is not needed for the purpose of testimony as a witness, nor to assist in the trial of the action, she is not entitled to the cloak of immunity. We think this is too narrow a view to take of the immunity rule, when we bear in mind its purpose and object and the assistance which clients frequently afford counsel in the argument upon the facts. True it is that in theory at least little assistance can be afforded by some clients to some lawyers on questions of law. When, however, it comes to the argument of intricate questions of fact before the appellate courts, parties may be of much assistance in prompting counsel or suggesting evidence contained in the record. Not infrequently is it necessary for counsel to consult with a client when asked questions from an appellate tribunal regarding facts with which he apparently is not familiar, or in answering suggested concessions. We have known in our own court when counsel has been given the privilege of withdrawing a stipulation for judgment absolute that he has requested the opportunity, if possible, to consult with his client. These occasions may be infrequent — we know that it is not customary for the clients to appear in the appellate courts — and yet we think that it is going too far to make a hard and fast rule that it is never necessary or useful or in the interests of

justice or the speedy disposition of business for them to come. The limitations, therefore, of *Sampson* v. *Graves* we cannot adopt; and authority justifies this conclusion.

Much that has been written is contained in *Parker* v. *Marco* (136 N. Y. 585, 589). We quote from that decision:

" The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party or in which he is to be sworn as a witness is a very ancient one. (Year Book 13, Hen. IV, I. B. Viner's Abr. ' Privilege.')

" It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice. (*Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 id. 568.) * * * The tendency has been not to restrict but to enlarge the right of privilege so as to afford full protection to parties and witnesses from all forms of civil process during their attendance at court and for a reasonable time in going and returning. * * * It has even been extended to a suitor returning from an appointment with his solicitor for the purpose of inspecting a paper in his adversary's possession in preparation for an examination before a master (*Sidgier* v. *Birch*, 9 Ves. 69), and while attending at the registrar's office with his solicitor, to settle the terms of a decree (*Newton* v. *Askew*, 6 Hare, 319); and while attending from another state to hear an argument in his own case in the Court of Appeals (*Pell's* case, 1 Rich. L. 197)."

This *Pell's* case, while not separately reported, is referred to with the facts and decision in an early South Carolina case, *Vincent* v. *Watson* (1 Rich. Law Rep. 194).

We find other authorities to the same effect. *Matter of McNeil* (6 Mass. 245); *Miles* v. *McCullough* (1 Binney, 77 [Penn. Sup. Ct.], cited with approval in *Matthews* v. *Tufts*, 87 N. Y. 568, 570); *Andrews* v. *Lembeck* (46 Ohio St. 38, cited in *Stewart* v. *Ramsay*, 242 U. S. 128); *Kinne* v. *Lant* ([Mich.] 68 Fed. Rep. 436, also cited in the *Stewart* case). (See, also, *Persse* v. *Persse*, 5 H. L. Cas. 671; *Mahon* v. *Mahon*, 2 Irish Eq. Rep. 440; *Pitt* v. *Coomes*, 5 B. & Ad. 1078 [King's Bench, 1834].)

If the party comes into this State for other purposes besides attending the hearing the immunity is gone. (*Finucane* v. *Warner*, 194 N. Y. 160.) Here, however, the record shows that Mrs. Candee came solely for the purpose of attending the argument of her case in the Appellate Division.

The order of the Appellate Division and that of the Special Term should be reversed, the motion to set aside the service of the summons granted, with costs in all courts, and the question certified answered in the affirmative.

LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; HUBBS, J., not voting; FINCH, J., not sitting.

Ordered accordingly.