Charles J. Beckihella, J.
This is an application by defendants Bichard Be Mornay, Henry Witty and Be Mornay-Bonardi Corp., who appear specially, for an order vacating and setting aside the service of the summons upon them.
The voluminous papers presented to the court establish that the plaintiff instituted a prior action in the United States Bis-trict Court, Southern Bistrict, in 1949 against the individual defendants herein and others, but not against the defendant corporation. After considerable delay in the prosecution of the action plaintiff, in 1953, served notices for the taking of the depositions of the defendants, who appeared but were not examined. Thereafter the action remained inactive and in fact was marked off the calendar. In 1957 the plaintiff restored the action to the calendar and again served notices to examine the individual defendants herein before trial. By notice of motion the individual defendants moved to vacate the notice of examination before trial and plaintiff, by cross motion, moved for judgment. The Judge before whom the motion and cross *275 motion, came on to be heard, by order dated May 1, 1957 provided for the taking of the depositions of the defendant De Mornay on the morning of June 3,1957 and to continue for not more than two days and that within six days of the taking of the deposition the plaintiff was to furnish the defendant a copy of the testimony to be signed by the defendant within two days; that the deposition of the defendant Witty was to be taken on the day following the conclusion of the testimony and signing by the defendant De Mornay. Pursuant to rule 77 (subd. [d]) of the Federal Rules of Civil Procedure the clerk of the court entered the order and mailed such notice to the parties on May 3, 1957. Defendants’ attorneys further allege that on May 28, 1957 they received a telephone call from the Justice who had signed the order to the effect that the plaintiff’s attorney had appeared before him ex parte to discuss the resettlement of the order. Since the defendants were on their way to New York State from Florida and California, respectively, they opposed any resettlement and so informed the court by letter dated May 28, 1957. In reply to this letter the court then directed the examination to proceed in accordance with the time schedule set forth in the order. Predicated thereon both defendants appeared on the return date, but the plaintiff instead of proceeding with the examination served the individual defendants with the summonses under attack, as well as a summons on the defendant De Mornay as president of the defendant corporation. It is interesting to note that the summonses were dated March 26, 1957, the very day that counsel for the plaintiff was arguing to sustain their application for the examination before trial.
It is the plaintiff’s contention that the defendant corporation was doing business in this State and accordingly amenable to the service of a summons. As to the individual defendants it is claimed that immunity did not attach to them as the order directing the examination of the individual defendants was never served either by plaintiff’s counsel or by defendants’ counsel, and that in any event the defendant Witty was not required to be examined before trial on June 3, 1957 pursuant to the order of the court; that under the circumstances, no order having been served, the defendants cannot claim immunity, as no proceeding was pending on June 3, 1957.
With these contentions I cannot agree. Rule 5 of the Federal Rules of Civil Procedure, relating to the service and filing of pleadings and other papers, specifically provides: “Every order required by its terms to be served, * * * shall be served upon each of the parties affected thereby ”. An exami *276 nation of the order of May 1, 1957 reveals that it does not contain such a directive. Subdivision (d) of rule 77 of the same rules provides: “ Immediately upon the entry of an order * * * the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby * * *. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules ”. This act was performed by the clerk. It is my view that sufficient notice of the existence of the order and the conditions contained therein was given to all the parties affected and that the parties were subject to such directives. Plaintiff’s efforts as late as May 28, 1957 to resettle the order clearly established knowledge of the existence of the order and its binding effect. Under the circumstances, the issue resolves itself to the question whether the parties were immune from service of process.
The following language from the case of Barvella v. Yale (4 Misc 2d 825, 826-827), is applicable to the instant motions:
“ A nonresident who enters this State voluntarily to attend as a party or a witness in any judicial proceeding pending in the State courts is immune to civil process while coming to, during and while going from such attendance (Petrova v. Roberts, 245 N. Y. 518). Parties and witnesses to a Federal proceeding in New York are likewise so exempt (Bunce v. Humphrey, 214 N. Y. 21). The immunity extends to such an. appearance at an examination before trial in the action; whether in a State (New England Ind. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722) or Federal court (Parker v. Marco, 136 N. Y. 585). * * *
“ The question as to whether in any particular case an appearance is or is not voluntary hinges upon the penalty involved for nonappearance — whether there might be imprisonment for contempt or fine if no appearance (New England Ind. v. Margiotti, supra; Kreiger v. Kreiger, 71 N. Y. S. 2d 448, affd. 272 App. Div. 880). * * *
“ Under the Federal Rules of Civil Procedure (rule 45, subd. [d], par. [2]), the defendant could not have been compelled to attend the examination before trial in New York, as his home and business were many times more than the prescribed 40 miles away (Mutual Finance Corp. v. Sobol, 7 F. R. D. 111 [S. O. N. Y.]). The attendance was plainly ‘ voluntary, ’ as that term is defined at law in the present context.” (See, also, Blackburne v. Homasote Co., 2 A D 2d 973.)
While it is true that the defendant Witty was not to be examined on the first two days, in view of the distance that he *277 had to travel and the fact that a definite date was not set for his examination and was wholly contingent upon the length and duration of the examination of the defendant De Mornay, his presence in the State falls within the reasonable time allowed to appear for such examination. (New England Industries v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722.) In any event, the privilege has been held to extend to a nonresident party who came into this jurisdiction merely to hear the argument of her appeal in another action (Chase Nat. Bank v. Turner, 269 N. Y. 397; Cattano v. Holt, 73 N. Y. S. 2d 18). As the defendant Witty was a codefendant with De Mornay, the examination of De Mornay and the substance of such examination was of vital concern to him in the defense of his own action, and his presence at that time was sufficient to give him the immunity granted by law.
While the court does not specifically so hold, it would appear that the defendants were enticed into the jurisdiction by the actions employed by the plaintiff in order to effectuate service upon the parties. Under such circumstances it has been held that service is invalid (Neoteox Mfg. Co. v. Eidinger, 250 App. Div. 504).
In view of the foregoing, the motions to vacate the service of the summons are granted. Settle order on notice.