Aron Steuer, J.
There are two motions before the court, one to set aside service of a summons and one to vacate the service of a subpoena. Both were served at the same time though upon different persons.
The moving party in the case of the summons is David L. Subin. Prior to the service of the summons there were already two actions pending between these parties in one of which Subin was plaintiff and in the other defendant. He is a resident of *212 Pennsylvania. He was in New York for the sole purpose of being examined before trial in the action in which he was defendant, and was served at the conclusion of the hearing. A nonresident who comes into the State for the purpose of being examined in a pending suit is immune from service (New England Inds. v. Margiotti, 270 App. Div. 883). It is claimed that the privilege against service is a limited one and that it is ineffective if the party served is himself a plaintiff in our courts. No case has gone that far though it has been held that a nonresident who comes into the State to be examined in a ease where he is suing has no exemption (Resort Airlines v. Sternberg, 208 Misc. 383). It is unnecessary to inquire whether this constitutes a valid exception to the general rule. It is not the situation here. Subin was not, at the time of service, here in his capacity as a suitor using our courts.
The motion in regard to the subpeena is made in behalf of David Niesenbaum. Mr. Niesenbaum is a Pennsylvania attorney and personal attorney for Subin. He came to the same examination and while his appearance was noted on the record he had no official status as attorney. Apparently, the only case in our reports involving service on an attorney from a foreign State made while the attorney was in this State acting as adviser to a foreign party or witness is Kutner v. Hodnett (109 N. Y. S. 1068) wherein it was held the service was good. The reasoning is not, however, appealing, as the ground of the decision was it would tend to discourage foreign attorneys from attempting to practice here. There are two general reasons for the exemption— one to facilitate free access to our courts and the other to prevent interference with proceedings. It is not immediately apparent how either purpose would be enhanced by extending the privilege to persons having no immediate duty to attend. It is true that the exemption of a party is not affected by the fact that his attendance at the proceedings was voluntary rather than required (Chase Nat. Bank v. Turner, 269 N. Y. 397). But if immunity is extended beyond parties and witnesses it would be hard to say where it should stop. The conclusion is that the attorney was merely an interested observer, though his interest was professional and as such his appearance was voluntary. Looked at from the other angle, the cloak of immunity put over parties does not cover others in their train.
Motion to vacate summons granted; motion to vacate subpoena denied.