**SHAPIRO & SON CURTAIN CORP.,**
Plaintiff-Appellant,

v.

**Basil GLASS, Defendant-Appellee.**

**No. 554, Docket 29767.**

United States Court of Appeals
Second Circuit.

Argued June 2, 1965.

Decided July 8, 1965.

I. Walton Bader, New York City (Bader & Bader, New York City, on the brief), for plaintiff-appellant.

Milton R. Ackman, New York City (Strasser, Spiegelberg, Fried & Frank, New York City, on the brief), for defendant-appellee.

Before MOORE and ANDERSON, Circuit Judges, and LEVET, District Judge.*

LEVET, District Judge.

The defendant Glass is a director of Everwear Candlewick, Ltd. ("Everwear"), an English corporation, which is the plaintiff in an action in this court against Shapiro & Son Curtain Corp.

---

* Sitting by designation.

("Shapiro"), 64 Civ. 1970. Defendant Glass is a citizen of Britain, residing and domiciled in London, England. He came into this courthouse pursuant to court order for the purpose of being examined before trial in this first action, 64 Civ. 1970. While he was being examined by the attorneys for Shapiro he was served with a summons and complaint in a suit by Shapiro.

In a motion made before Judge Metzner of the Southern District of New York, the defendant Glass moved to vacate the service of the summons and complaint on the ground that he was immune from service of process at the time he was served. A motion to quash the service was granted and the complaint dismissed.

The complaint in the first action alleges that Everwear and Shapiro entered into a certain written agreement and that Shapiro has breached the agreement in certain respects. Everwear demands that the defendant assign to plaintiff certain patents and that Shapiro account to Everwear for benefits and sums received by it and to pay damages. Shapiro alleged in a counterclaim against Everwear that Everwear was involved in a combination and conspiracy to interfere with its business.

In the present action of Shapiro against Glass, 65 Civ. 202, the complaint asserts that the defendant Glass dominates and controls Everwear. The complaint further alleges that this cause of action is a claim cognizable "only after another claim has been prosecuted to a conclusion," presumably referring to the action by Everwear. The complaint goes on to state that the defendant Glass conspired with Everwear, Julius Glass and others to interfere with the business of the plaintiff.

■ Generally, witnesses, parties and attorneys coming from another jurisdiction are exempt from service of civil process during the period required for their attendance in court. Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916); New England Industries, Inc. v. Margiotti, 270 App.Div. 488,

60 N.Y.S.2d 420 (1st Dept.), aff'd, 296 N.Y. 722, 70 N.E.2d 540 (1946).

In Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932), it was pointed out that this rule is founded on the convenience of the court, and "should be extended or withheld only as judicial necessities require." Id. at 225, 52 S.Ct. at 318. "The test is whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it. That, as we have said, depends here upon the nature of the proceeding in which the service is made and its relation to the principal suit, both of which are disclosed by the pleadings." Id. at 228, 52 S.Ct. at 319.

In Lamb v. Schmitt, supra, immunity was denied to a non-resident attorney served while acting as a lawyer in a suit to set aside the disposition of property as in fraud of judgment creditors. The service was by a receiver appointed in the main suit and the purpose of the new suit was to recover funds involved in the main suit which had been paid to the attorney ostensibly as fees.

The Supreme Court said: "The deterrent effect, if any, upon attendance at the trial, of the possibility that these procedures may be resorted to, is outweighed by the fact that the immunity, if allowed, might paralyze the arm of the court and defeat the ends of justice in the very cause for the protection of which the immunity is invoked." Id. at 226, 52 S.Ct. at 318.

■ Here we have no such case. The counterclaim in the first action may be related to the complaint in the second action, but there is no showing that immunity, if allowed here, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it. Certainly, the mere presence of the relationship is insufficient to dispel the immunity. Page Co. v. MacDonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737 (1922); United Nations v. Adler, 90 F.Supp. 440 (S.D.N.Y.1950).

462

The fact that Glass's appearance was pursuant to court order does not affect the immunity. In re Equitable Company, 277 F.2d 319 (2nd Cir. 1960). Further, although it is claimed that he dominates and controls Everwear (the plaintiff in the first action), Glass does not lose his immunity on that account. Contrary to appellant's contention, immunity from service is not denied to plaintiffs. Page Co. v. MacDonald, supra.

Judge Metzner found that Glass's activities here did not amount to conducting business and hence did not defeat the immunity. The evidence supports his conclusion.

On balance, the inconvenience to Shapiro is far outweighed by the court's interest in securing the participation of non-residents in civil proceedings. International Plastic Harmonica Corp. v. Harmonic Reed Corp., 69 F.Supp. 515 (E.D.Pa.1946).

Affirmed.

Anderson, Circuit Judge, dissented.