**DEERING MILLIKEN, INC., Plaintiff,**

v.

**KORATRON COMPANY, INC.,**
**Defendant.**

**No. 67 Civ. 2383.**

United States District Court
S. D. New York.
Dec. 6, 1968.

Paul Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for plaintiff.

Davis, Polk & Wardwell, New York City, for defendant.

## MEMORANDUM

HERLANDS, District Judge:

Defendant Koratron moves to stay this declaratory judgment action commenced by plaintiff Deering Milliken in this Court on June 20, 1967. The dis-

position of the motion turns on the question of whether the issues in this action are identical to the issues involved in an action between the same parties now pending in the United States District Court for the Northern District of California.

In order to facilitate the efficient coordination of litigation in the federal district courts, the Court grants defendant's motion for an interim stay.

## I   The California Action

The pertinent facts are as follows: Koratron instituted suit in the United States District Court for the Northern District of California against Deering Milliken on June 19, 1967, demanding "declaratory and other relief" (hereinafter "the California action").

Koratron is the alleged owner of a patent for a process of forming press-free crease retained garments. It has licensed numerous garment makers, among them Deering Milliken (also engaged in textile manufacture), to practice the invention covered by the patent.

In its California complaint, Koratron alleges that Deering Milliken has made public assertions that the scope of Koratron's patent does not encompass the use of three of Deering Milliken's fabrics by garment makers who purchase and use those fabrics to make press-free garments. Koratron demands a declaration that the scope of its patent does include the making of garments from Deering Milliken's three fabrics. Such a declaration would make it clear that the use of these fabrics does not immunize Koratron's patent licensees against their obligations to pay royalties to Koratron.

Koratron further alleges, in its California complaint, that Deering Milliken has demanded a written statement that the making of garments from Deering Milliken's three fabrics falls outside the scope of the patent, and that if such statement is not forthcoming, Deering Milliken will advise Koratron's licensees that they may use these fabrics without incurring any royalty obligations to Koratron. Koratron asserts that Deering Milliken has in fact carried out its threat in part, and that all this results in an attempt to induce Koratron's licensees to breach their contracts with Koratron. Koratron therefore demands—in addition to a declaration of the scope of its patent—that the California district court enjoin Deering Milliken from making further statements or announcements of its view of the scope of the patent, and that the court order Deering Milliken to announce publicly and to advise each licensee individually that the use of the three fabrics does fall within the scope of the patent.

In addition to the above relief, Koratron seeks an award of royalties lost and damages sustained by virtue of Deering Milliken's acts, together with $5,000,000 punitive damages.

On August 9, 1967, Koratron amended its California complaint to seek a declaration that use of Deering Milliken's fabrics falls within the scope of the patent *and* an "improvement patent" owned by Koratron. Koratron further amended its complaint, charging that Deering Milliken's statements regarding the patents were made to non-licensees, in addition to licensees of Koratron, and that Deering Milliken's threats to make further statements similarly included non-licensees.

## II   The New York Action

One day after Koratron instituted the California action, Deering Milliken commenced an action in this Court seeking a declaratory judgment that Koratron's patents (the original patent and the improvement patent) were not infringed by Deering Milliken or the garment manufacturers who use Deering Milliken's fabrics and that the Koratron patents are invalid. Deering Milliken also seeks to enjoin Koratron from asserting that the making of garments from Deering Milliken fabrics infringes Koratron's patents, and from suing or threatening suit on the patents against Deering Milliken or its customers.

### III  The Initial Motions

Koratron, defendant in the instant suit, moved this Court for a stay pending the outcome of the litigation in the Northern District of California. Deering Milliken thereafter moved in California for an order dismissing the action there for improper venue and, in the alternative, for a transfer of that action to this Court or a stay of that action pending the outcome of the declaratory suit in this Court. This Court, on consent of the parties, entered an order dated September 26, 1967 which stated that " * * * the determination of the motion before this Court [Koratron's motion to stay] may be affected by whether the complaint in the action now pending between the parties in the Northern District of California states a claim for relief or whether venue is properly laid in said action in said Court" ; and, therefore, this case was stayed pending resolution of Deering Milliken's motion in California.

By order dated March 18, 1968 the district court in California granted Deering Milliken's motion to transfer that action to this Court, finding that the allegations of the amended complaint relating to non-licensees rendered the venue defective in the Northern District of California under 35 U.S.C. § 271(b) (1964) and 28 U.S.C. § 1400(b) (1964).

After a rehearing on May 28, 1968, the district court vacated its order and denied Deering Milliken's motions to dismiss, to transfer or to stay. On July 1, 1968, the Northern District of California concluded in a formal order that "venue is well and properly laid" in California, but certified, pursuant to 28 U.S.C. § 1292(b) (1964), that a controlling question as to venue existed on which an immediate appeal should be permitted.

Deering Milliken has appealed the denial of its motion; and a determination of that appeal is expected by the end of December 1968, at the latest.

### IV  The Present Motion

Koratron has renewed its motion in this Court for a stay pending the outcome of the entire litigation or, alternatively, for an interim stay pending the resolution of Deering Milliken's appeal to the Ninth Circuit Court of Appeals. Plaintiff, Deering Milliken, opposes this motion essentially on the ground that the validity of the patents has not been called into question in the California action, and consequently a stay of this action would deprive plaintiff of a forum in which to litigate this issue.

The subject matter of the California action is characterized by Deering Milliken as a common law claim for the tort of inducing breach of contract, and for tortious interference with prospective contractual relations. Deering Milliken argues that, although the scope of Koratron's patent is put into issue, a determination of invalidity is not involved and, even if invalidity were proven, it is doubtful that it would constitute a good defense to an action for inducing breach of contract. (Supplemental Memorandum of Law in Opposition to Koratron's Motion to Dismiss or to Stay at 5–7.)

Because the issue of invalidity is raised only in Deering Milliken's prayer for declaratory relief in *this* Court, Deering Milliken argues that this Court must proceed with the litigation.

Koratron, on the other hand, characterizes its own complaint in California as a complaint for patent infringement in which Deering Milliken must counterclaim for a declaration of invalidity and non-infringement under Fed.R.Civ.P. 13 (a), or be barred forever from raising the question of patent invalidity. Because this issue—which is the subject of the claim for declaratory relief in this Court—is therefore inevitably involved in the California litigation which was commenced earlier, Koratron argues that desiderata of effective and economical judicial administration require that piece-meal litigation be avoided by staying the instant suit.

### V  The Controlling Decisions

The purpose of a declaratory judgment action in this area of law is to allow an alleged infringer to take the initiative by

challenging the validity of a patent. Declaratory relief is, however, discretionary. See, e. g., National Equipment-Rental, Ltd. v. Fowler, 287 F.2d 43, 47 (2d Cir. 1961); American Auto. Ins. Co. v. Freundt, 103 F.2d 613, 617 (7th Cir. 1939); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937).

■ Where another federal court of coordinate jurisdiction has before it the identical subject matter of the declaratory suit, there is no need to duplicate the efforts of the courts and the litigants; and a stay may be properly granted in the declaratory action. Mattel, Inc. v. Louis Marx & Co., Inc., 353 F.2d 421, 422 (2d Cir. 1965); Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 189 F. 2d 31 (3d Cir. 1951), aff'd, 342 U.S. 180, 182, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Metlon Corp. v. Dow Chemical Co., 182 F.Supp. 546, 548 (S.D.N.Y. 1959).

■ Not only may a stay be granted, but the federal court which first obtains jurisdiction over the action may enjoin the parties before it from prosecuting the later action. National Equipment-Rental Ltd. v. Fowler, supra 287 F.2d at 45–46; Cresta Blanca Wine Co., Inc. v. Eastern Wine Corp., 143 F.2d 1012, 1014 (2d Cir. 1944); Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 928 (3d Cir. 1941), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942); Powell v. American Export Lines, 146 F.Supp. 417 (S.D.N.Y.1956).

■ Priority of suit is clearly not essential to the grant of a stay; however, it is a factor to be considered. Mattel, Inc. v. Louis Marx & Co., Inc., supra, 353 F.2d at 423–24; National Equipment-Rental, Ltd. v. Fowler, supra, 287 F.2d at 45; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra, 189 F.2d at 34–35. Koratron did institute proceedings in California one day before plaintiff filed suit in this Court. The Court considers it immaterial that the "improvement patent" was not involved in the California litigation until the amended complaint was filed. See,

e. g., Mattel, Inc. v. Louis Marx & Co., Inc., supra 353 F.2d at 424; Kerotest, 189 F.2d at 34. The question determinative of this motion is, therefore, whether the subject matter of this litigation is already before the California court. The resolution of this issue entails an analysis of the California complaint.

Apparently the Northern District of California is encountering difficulties in characterizing Koratron's complaint in the context of Deering Milliken's motion to dismiss for improper venue. That Court's initial order, dated March 18, 1968, found that venue was defective under 28 U.S.C. § 1400(b) (1964), indicating that the Court treated the complaint as one for patent infringement. In the subsequent order of July 1, 1968, the Court merely stated that venue is proper in California, but that an important question concerning venue is involved, which warrants an immediate appeal.

Moreover, the parties themselves have adopted apparently inconsistent positions in the two district courts as to the nature of the west coast suit. Koratron's position in the California action is that its complaint states a common law tort claim in the federal courts on the grounds of diversity of citizenship, and therefore 28 U.S.C. § 1400(b) (1964), which relates only to patent infringement venue, is inapplicable. Koratron argues the converse in this Court—claiming that its California suit poses issues of patent infringement.

Similarly, Deering Milliken has moved to dismiss the California action for improper venue in a patent infringement suit, while continuing to argue in this Court that Koratron's action is one at common law.

The Ninth Circuit must ultimately decide whether Koratron's action is one involving patent infringement claims or common law tort claims. It would appear that this decision will be essential to that Court's decision as to the propriety of venue in the Northern District of California. The decision may even

rest in part on the issue of whether the California courts recognize an action for tortious interference with prospective contractual relations, and, if they do, whether Koratron's complaint alleges such a claim for relief or a claim for patent infringement.

■ A decision by this Court as to the real nature of the California complaint would be premature and fruitless. Assuming, *arguendo,* that this Court were to treat the California complaint as stating a cause of action for common law tort, it would be compelled to allow Deering Milliken to proceed with this action for declaratory relief. If thereafter the Ninth Circuit treats the complaint as one for patent infringement, and finds venue proper in the Northern District of California, Deering Milliken would in fact be forced to raise the issue of validity as a compulsory counterclaim in the California action. See, e. g., National Equipment-Rental, Ltd. v. Fowler, supra 287 F.2d at 45; Jepco Corp. v. Greene, 171 F.Supp. 66 (S.D.N.Y.1959). Further prosecution of *this* suit would then result only in piecemeal litigation of claims which could have been effectively disposed of in one forum. Similarly, for the sake of argument, if this Court were to view the California complaint as a claim for infringement, it would in its discretion stay the action for declaratory relief because Deering Milliken must raise the issue of invalidity as a compulsory counterclaim in California, and therefore, the subject matter of both suits would be identical. However, the Ninth Circuit may thereafter interpret the complaint to state only a common law cause of action, in which case Deering Milliken would apparently not have to raise the issue of invalidity. The proper course of action for Deering Milliken would then be to apply to this Court to vacate its stay and provide a forum for the relief sought.

These hypothetical situations clearly highlight the futility of any attempt by this Court, at this time, to interpret definitively the California complaint.

Needless waste of judicial effort can easily be avoided by awaiting the result of the appeal to the Ninth Circuit. Proper coordination of the litigation in the federal district courts will follow.

Defendant's motion for a stay pending the outcome of the appeal to the Ninth Circuit is hereby granted. The parties are directed to inform the Court immediately of the result of the disposition of that appeal.

So ordered.