Milton Sanders, J.
Defendant, an attorney at law, was served with a summons and complaint in a public corridor in Civil Court, Bronx County, where he had been representing the defendants in another action brought by plaintiff herein, relating to a real estate transaction. Defendant who is a nonresident of the City of New York, contends that as an attorney, he was exempt from the service of process in this action while attending court in connection with the other suit.
There is no question that nonresident parties and witnesses with essential testimony voluntarily attending judicial proceedings within the State normally have an immunity from service of process so long as their sole purpose for being here is attendance at the proceeding (Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377 ; Thermoid Co. v. Fabel, 4 N Y 2d 494 ; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.05). There is a conflict of authority, however, in this country, as to whether this immunity extends to nonresident attorneys attending such judicial proceedings (see 42 Am. Jur., Process, §§ 140, 141). It appears that there are only two cases in New York which have discussed the problem. In Kutner v. Hodnett (59 Misc. 21) the court expressly declined to extend such immunity to a nonresident attorney. In Sarlie v. Niesenbaum (23 Misc 2d 211), the court similarly denied immunity to a nonresident attorney who had come here for the purpose of advising a foreign party at an examination before trial, and acted as an interested observer at such examination. While Mr. Justice Steuer in that case indicated his disapproval of the reasoning in the Kutner case, which was that a refusal to extend immunity to an attorney would discourage foreign attorneys from practicing within the jurisdiction, he had no quarrel with the result. He stated (p. 212) that 1 ‘ if immunity is extended beyond parties and witnesses it would be hard to say where it should stop, ’ ’ and concluded that “ the cloak of immunity put over parties does not cover others in their train.” Although the court in Sarlie was not confronted with facts precisely identical to those of the instant case, the attorney in that case having acted merely as an observer, and Justice Steuer’s comments quoted above with respect to the extension of the immunity beyond parties and witnesses are largely dicta, the reasoning and approach taken therein are logical and compelling. I do not believe that the necessities of judicial administration require any such extension of immunity *733 to attorneys. I therefore hold that the law in New York is that a nonresident attorney attending judicial proceedings here is not immune from service of process in another action.
Accordingly, I find that service was properly effected on defendant. Defendant is to serve and file an answer within 10 days from service of a copy of this order with notice of entry.