**UNIROYAL, INC., Plaintiff,**

v.

**Lawrence R. SPERBERG, Defendant.**

**No. 73 Civ. 2454.**

United States District Court,
S. D. New York.

Nov. 21, 1973.

Arthur Dry & Kalish, New York City, for plaintiff by Harvey E. Bumgardner, Jr., Herbert Stern, New York City, of counsel.

Thomas M. Marshall, New York City, for defendant.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Before deciding the motions which are presently pending, it may be helpful to set forth the background not only of this particular case but also of two related actions.

On October 5, 1972, Lawrence Sperberg brought an action for infringement of his U.S. Patent No. 3,563,088 in the United States District Court for the Northern District of Ohio. Named as defendants in that action were Uniroyal, Inc. and four other major tire manufacturers. However, on July 13, 1973, that action was dismissed against Uniroyal for improper venue.

After the infringement suit had been filed in the Ohio court but before it was dismissed as to Uniroyal, that company initiated a separate and independent action in this district seeking a declaratory judgment of invalidity of the Sperberg patent. The declaratory judgment suit was assigned to me and I disposed of it by granting Sperberg's motion of dismissal for lack of *in personam* jurisdiction. The dismissal of that case is presently on appeal to the Second Circuit. See Uniroyal, Inc. v. Sperberg, 73 Civ. 1741 (2d Cir., filed April 17, 1973).

While the appeal was pending in the first declaratory judgment suit, Uniroyal brought another suit seeking the same relief and that case was assigned to Judge Metzner. The defendant Sperberg has moved under Calendar Rules 13 and 14 of this district to have the case reassigned to me because I decided the original declaratory judgment suit. Judge Metzner and I have agreed that this would be the most expeditious course and the case is hereby reassigned to me for all purposes.

In the first declaratory judgment action I granted the defendant Sperberg's motion to dismiss for lack of personal jurisdiction because I found that he had not transacted business in this state under the standards of Section 302 of the New York Civil Practice Law and Rules, McKinney's Consol.Laws, c. 8. Defendant in this second declaratory judgment action again moves for a dismissal based on a lack of personal jurisdiction. However, there is a crucial distinction between the two actions because the method of service employed by the plaintiff in this case was not the same method that had been used in the first action.

In the first action the plaintiff Uniroyal claimed that Sperberg was transacting business in this state through an agent, i. e., his attorney. I found this contention to be invalid. When the plaintiff thereby lost the basis of its claim to long-arm jurisdiction, the out of state service became void and the case had to be dismissed for lack of personal jurisdiction.

In this second declaratory judgment suit there is no claim to long-arm jurisdiction and no out of state service of process. The plaintiff in this case was physically in the State of New York and was handed a summons and complaint at LaGuardia Airport. Thus, personal jurisdiction in the second suit, unlike the first suit, is based on the traditional and fundamental predicate of personal jurisdiction, physical presence. Such service was clearly valid under the applicable law, Rule 4(f) of the Federal Rules of Civil Procedure, which provides that "[a]ll process . . . may be served anywhere within the territorial limits of the state in which the district court is held . . ."

Plaintiff does not dispute the general rule that physical service within the territorial limits of the state confers personal jurisdiction, but argues instead that because he was in New York to assist his attorney in answering interrogatories in the Ohio suit that this case falls within an exception to that general rule, i. e., the immunity doctrine. That

exception provides that a nonresident party to a civil action in federal court is held to be immune from service of federal process while he is voluntarily within the jurisdiction for purposes relating to the administration of justice. See generally 2 J. Moore, Federal Practice ¶ 4.20, at 1091–1105 (2d ed. 1970). On the facts of this case, I find that the plaintiff's claim that he is protected by the immunity doctrine falls on two grounds.

 First, in order to be within the ambit of the immunity doctrine it is necessary to have come into the jurisdiction for the convenience of the court and not for the personal convenience of the individual claiming the protection. See Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932) ; Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L. Ed. 192 (1916). In this case Sperberg did not come into New York for "the convenience of the court". The Ohio court was not aided by the fact that Sperberg answered interrogatories in New York; he could have answered them in any state or even in any foreign country. Since Sperberg could have consulted with his counsel anywhere in the world but chose New York, he does not now have the right to say that he was in New York to aid in the administration of justice. Sperberg was in New York for his own convenience and for the convenience of his attorney and cannot claim the protection of a rule "founded upon the convenience of the court . . ." 2 J. Moore, Federal Practice ¶ 4.20, at 1091 (2d ed. 1970). As the United States Supreme Court has said in the *Lamb* case, *supra*:

> "It follows that the [immunity] privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld *only as judicial necessities require.*" 285 U.S. at 225 (emphasis added).

 Sperberg's claim of immunity also falls on a second ground, the dual purpose rule. If one is to be immune while he is in a foreign jurisdiction for the purpose of the administration of justice, then he should not engage in unrelated business dealings or social activity while he is within · that jurisdiction. "If, while in the jurisdiction, the person claiming immunity engages in activities of a business nature totally unrelated to the litigation which he is attending, the rule is that immunity from process is in effect waived." Dillingham v. Anderson, 126 F.Supp. 221, 224 (D.Hawaii 1954). The immunity is considered waived unless the unrelated business dealings are of a "mere casual and unforeseen nature" and were not contemplated when the party entered the jurisdiction. Union Water Development Co. v. Stevenson, 256 F. 981 (N.D.Cal.1919).

 In this case Sperberg engaged in both business and social activities which were unrelated to the Ohio litigation and, therefore, forfeited any claim to immunity. Sperberg's letter to his attorney dated June 2, 1973 appended to his moving papers shows that on June 1, 1973, the very day he was served at LaGuardia Airport he met with representatives of the First National City Bank and discussed his own personal business affairs. Additionally, Sperberg had another business meeting on that same day with Mr. M. E. Lerner, the publisher of *Rubber Age*. The fact that this meeting lasted only five minutes is irrelevant. The immunity is waived if one engages in unrelated business activities, and there is no requirement that such activities be of a lengthy nature. Sperberg's social meetings with his friend Mr. A. E. Laurence and his three day stay, in the middle of the trip, with his son and his family in Westchester also raise serious questions under the dual purpose rule. In summary, I find that the activities engaged in by Sperberg that were unrelated to the Ohio litigation were more than trivial and insubstantial and thus I find that Sperberg waived any immunity he might have enjoyed had he entered the juris-

diction for the sole purpose of aiding in the administration of justice.

Having thus decided that Sperberg was not immune from service of process and there being no argument that the service itself was improper, I find that this court has personal jurisdiction over Sperberg. Turning then to the substantive issues involved in this case, it appears that the plaintiff is seeking a declaratory judgment of invalidity of the defendant's patent. At the time this action was instituted the plaintiff Uniroyal was a defendant in the Ohio suit and there was a serious question whether the plaintiff had standing to bring this declaratory judgment suit or whether it was bound to seek its relief by way of a compulsory counterclaim in the Ohio federal court. See Deering Milliken, Inc. v. Koratron Co., 293 F.Supp. 518 (S.D.N.Y.1968). This compulsory counterclaim problem has, however, been rendered moot by the fact that subsequent to the filing of this suit Uniroyal was dismissed from the Ohio suit on venue grounds.

■ That dismissal also moots a motion made by the defendant to transfer this case to Ohio. Since the plaintiff is no longer a party in that suit, it would be inappropriate to transfer this action under 28 U.S.C. § 1404(a) or § 1406. In addition to requesting a transfer to Ohio, the defendant argues that the venue in this case has been improperly laid in the Southern District of New York.

■ It is clear, and both parties are agreed, that 28 U.S.C. § 1391(b) is the controlling venue statute in this action. That section provides that:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

Since the defendant Sperberg does not reside in this judicial district, venue is proper in the Southern District of New York only if the claim arose here.

While the rule that venue is proper where the "claim arose" is simple to state, the interpretation of the phrase "claim arose" can pose a difficult factual question. Ryan v. Glenn, 52 F.R.D. 185 (N.D.Miss.1971). In this case the plaintiff argues that the "claim arose" on September 26, 1972 when a conference was held in the Uniroyal Building, which is situated in the Southern District of New York, between counsel for Sperberg and counsel for Uniroyal. The defendant, on the other hand, argues that the "claim arose" in Ohio when he filed a complaint against Uniroyal, an event that occurred ten days after the New York meeting discussed above.

■■ I find that in this matter the plaintiff's contention is correct and that, in fact, the claim in this case arose in this district. The court in the *Ryan* case, *supra,* defined the term "claim" as "the aggregate of operative facts giving rise to a right enforceable in the courts." 52 F.R.D. at 192. A right to a declaratory judgment of the validity of a patent arises when a potential infringer is threatened with litigation and cannot compel the patentee to proceed. E. W. Bliss Co. v. Cold Metal Products Co., 137 F.Supp. 676 (N.D.Ohio 1955); I–T–E Circuit Breaker Co. v. McGraw Elec. Co., 121 F.Supp. 435 (E.D.Pa.1954). By the time of the New York meeting, the operative facts in this case had reached such a stage that there was a real question as to the validity of Sperberg's patent, and Uniroyal could have come into court seeking a declaratory judgment at any time after the New York meeting. The act of filing a complaint in Ohio was a ministerial act, an act which in it-

self did not create the uncertainty over the patent's validity but was merely a manifestation of that uncertainty. For this reason, I find that the claim arose in this district and, therefore, venue is clearly proper under 28 U.S.C. § 1391(b).

Although the issues of personal jurisdiction and propriety of venue have now been resolved, I am not prepared to hold the trial of this case at this time. It is true that Uniroyal is no longer a party to the Ohio action and that therefore any finding by that court would not be binding on Uniroyal under the concepts of res judicata or collateral estoppel. Nevertheless, I feel that in the interest of orderly judicial proceedings and the conservation of judicial time and energy, that this case should not go forward until there has been a resolution of the Ohio case.

When faced with a somewhat similar patent dispute, Judge Herlands of this court decided that the wisest course would be to stay the declaratory judgment suit until a decision in a related infringement suit had been reached. Deering Milliken, Inc. v. Koratron Co., 293 F.Supp. 518 (S.D.N.Y.1968). On the facts presented here, I feel that the interests of justice will best be served if a decision in this declaratory judgment suit is postponed until the Ohio litigation is completed.

Another factor to be weighed in reaching this decision is the fact that the trial in Ohio is set for March 4, 1974. With the present calendar conditions in this district, it would be impossible for me to try this case before them. See Farbenfabriken Bayer A. G. v. National Distillers & Chem. Corp., 324 F.Supp. 156, 160 (S.D.N.Y.1971).

For the above reasons, I am hereby staying this action during the pendency of the Ohio infringement suit.

So ordered.