**NASL MARKETING, INC.**

v.

**Mr. N.J.M. de VRIES.**

**No. 82 Civ. 1370.**

United States District Court,
S. D. New York.

June 2, 1982.

Cadwalader, Wickersham & Taft, New York City, for plaintiff; Earl H. Nemser,

Michael G. Dolan, John F. Mariani, New York City, of counsel.

Beveridge & Diamond, Washington, D.C., for defendant; Robert Brager, Washington, D.C., of counsel.

EDWARD WEINFELD, District Judge.

Defendant de Vries moves to quash service of process and dismiss the complaint. He was served with the summons and complaint in this action upon completion of his testimony at an arbitration commenced by the plaintiff having traveled to New York from Holland only for the purpose of testifying in such proceeding.

■ The general rule is that witnesses, parties and attorneys coming from another jurisdiction are exempt from service of civil process during the period required for their attendance in court. *Shapiro & Son Curtain Corp. v. Glass*, 348 F.2d 460, 461 (2d Cir.), *cert. denied*, 382 U.S. 942, 86 S.Ct. 397, 15 L.Ed.2d 351 (1965). Judge Friendly has explained that the immunity is "founded in the necessities of the judicial administration" and is designed "to encourage voluntary attendance of suitors and litigants who might stay away if they feared service of process in other litigation." *In re Equitable Plan Co.*, 277 F.2d 319, 320 (2d Cir. 1960). This rule has been applied to persons who enter the jurisdiction to testify at an arbitration proceeding. *Pavlo v. James*, 437 F.Supp. 125 (S.D.N.Y.1977); *Treadway Inns Corp. v. Chase*, 47 Misc.2d 937, 263 N.Y.S.2d 551 (1965).

■ The Court has the discretion to withhold such immunity where "the second [suit] was brought in aid of the first . . . to secure rights asserted in the first suit which, but for the acts charged against the petitioner in the second, would have been secured in the first." *Lamb v. Schmitt*, 285 U.S. 222, 227, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932). This exception was applied in *Lamb* to withhold immunity from an attorney where the second action was to recover funds alleged to have been fraudulently paid to him as fees so as to defeat rights secured to plaintiff in the first action. Id.

at 226, 52 S.Ct. at 318. Similarly, in *Walker v. Calada Materials Co.*, 309 F.2d 74 (10th Cir. 1962), immunity was withheld where it was alleged in the second action that the judgment attempted to be enforced in the first action was obtained by fraud. *See also McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170 (2d Cir. 1972).

■ The plaintiff instituted the arbitration proceeding in New York against two Dutch corporations claiming breach of a licensing agreement. After initial negotiations by his agent, the defendant completed the negotiations and signed the agreement on behalf of the corporations. He came to New York to testify in the arbitration and was not a party in the proceedings. The arbitrators awarded approximately $250,000 in favor of plaintiff. The complaint served upon de Vries at the conclusion of his testimony seeks to hold him personally liable for breach of the contract as either a principal or a guarantor and damages for alleged misrepresentations.

It is clear from the nature of the claims asserted against de Vries that plaintiff makes no claim that any act of his has interfered with its rights as determined in the arbitration. Moreover, despite the fact that plaintiff had full knowledge of its alleged claims of fraud and guaranty it initiated the arbitration proceeding solely against the corporations. While it has been alleged on this motion that the judgment obtained against the corporations may be of limited value due to their possible insolvency, there is no allegation that this situation is due to any act attributed to de Vries. Instead, in light of the possible non-satisfaction of the arbitrators' award, plaintiff has brought this action seeking to hold de Vries personally liable and has attempted to use his presence in the jurisdiction for purposes of the arbitration proceeding to obtain personal jurisdiction which otherwise it could not secure.

Granting immunity from service of process to de Vries would serve judicial administration by encouraging participation in arbitration proceedings free from the fear that doing so would subject one to the

jurisdiction of a foreign court. Plaintiff has failed to show that any of the acts charged in the complaint have so interfered with its rights as determined in the arbitration to justify the withholding of immunity.

The motion to quash service of process and dismiss the complaint is granted.

So ordered.